31

United States District Court
Southern District of Texas
FILED

AUG 2 2 2001

Michael N. Milby
Clerk of Court

United States District Court

For The Southern District of Texas

Brownsville Division

Thomas Titus Tory #378779
Plaintiff

V                                              Civil Action No. B-00-051

R. Escamilla, Defendant
Correctional Officer
Willacy State Jail

Plaintiff's Motion to Amend Complaint

Comes now, Plaintiff Thomas Titus Tory, and seeks leave from this Court to amend his original complaint, pursuant to F.R.C.P. 15(c) to include the following Defendants.

(1). Wackenhut Corrections Corporation,

   Employer for Willacy State Jail Officials

   1695 S. Buffalo Drive

   Raymondville, Texas 78580

(2). David Forest, Warden

   Willacy State Jail

   1695 S. Buffalo Drive

   Raymondville, Texas 78580

(3). R. Escamilla, Correctional Officer

   Willacy State Jail

   1695 S. Buffalo Drive

   Raymondville, Texas 78580

(1) Defendant: Wackenhut Corrections Corporation

Wackenhut Corrections Corporation was deliberately indifferent to my safety in violation of my rights under the Eighth Amendment by allowing a policy/custom of gang assaults, attacks, racial riots, and fights to occur on the Willacy State Jail after 10:30 p.m. Rack-Time hours.

According to Wackenhut's Policy of Officer's Duties/Responsibilities, Correctional Officers assignments are to supervise housing areas, patrol assigned areas for evidence of forbidden activity, and to report usual activity.

Each dormitory has a monitoring camera for surveillance of all activity, that is viewed twenty-four hours a day from a Central Control Office.

Despite Willacy State Jail's 10:30 p.m. Rack-Time Policy, Duties/Responsibilities for Correctional Officers, and their policy of using dormitory monitoring cameras for surveillance there is a history and pattern of injuries and harm done to Offenders through gang assaults, attacks, racial riots, and fights due to intentional neglect of policy.

Relief: (1) Compensatory and Punitive Damages for physical and emotional harm $200,000 (two hundred thousands dollars). (2) Issue a temporary restraining order to prevent harassment or retaliation by any/all Texas Department Criminal Justice Officials.

(2) Defendant: Warden David Forest

Willacy's State Jail Warden Forest was deliberately indifferent to my safety in violation of my rights under the Eighth Amendment by allowing a policy/custom off gang assaults, attacks, racial riots, and fights to occur on the Willacy State Jail after 10:30 P.m. Rack-Time hours.

According to Wakenhut's Policy for Officer's Duties/Responsibilities, Correctional Officers assignments are to supervise housing areas, patrol assigned areas for evidence of forbidden activity, and to report usual activity.

Each dormitory has a monitoring camera for surveillance of all activity that is viewed twenty-four hours a day from a Central Control Office.

Despite Willacy State Jail's 10:30 p.m. Rack-Time Policy, Duties/Responsibilities for Correctional Officers and their policy of using dormitory monitoring cameras for surveillance; there is a history and pattern of injuries and harm done to Offenders through gang assaults, racial riots, and fights due to intentional neglect of policy.

Relief: (1) Compensatory and Punitive damages for physical and emotional harm $200.000 (two hundred thousand dollars). (2) Issue a temporary restraining order to prevent harassment or retaliation by any/all Texas Department Criminal Justice Officials.

(3) Defendant: R. Escamilla, Correctional Officer

Officer R. Escamilla was deliberately indifferent to my safety in violation of my rights under the Eighth Amendment. On September 20, 1999, I was in confinement at the Willacy State Jail and at 1:00 a.m. an Offender and nine (9) of his Gang Members with a can of mackerel fish used as the weapon assaulted me while asleep in bed.

Officer R. Escamilla, the Supervising Officer on duty that night allowed the gang members to get out of their beds, put on their clothes, put on their shoes, and assault me in violation of the Unit's 10:30 p.m. Rack-Time Policy. In the Willacy State Jail, there is a history of gang assaults/attacks during the night after Rack-Time hours. Therefore, Officer R. Escamilla was aware that an assault was transpiring; however, Officer R. Escamilla failed to take reasonable measures to protect me from harm.

Because of the assault, I suffered a laceration on my head, a fractured skull, had to endure an incredible amount of pain, loss of blood, and had to receive stitches from the Unit's Infirmary Doctor to close the wound on my head.

Relief: (1) Compensatory and Punitive Damages for physical and emotional harm $200,000 (two hundred thousand dollars). (2) Issue a temporary restraining order to prevent harassment or retaliation by any/all Texas Department of Correctional Officials.

Certificate of Service

I do hereby certify that on this 16th day of August 2001, copies of the foregoing Documents were served upon the following Counsel of Record, Linda M. Kearney, 200 N. Shoreline, Suite 800, Corpus Christi, Texas 78401, and the United States District Court, Brownsville Division, by depositing the same in the United States Mail.

*Thomas Titus Tory*
Thomas Titus Tory #378779
Lynaugh Unit
Rt.1, Box 150 / D112
Ft. Stockton, Texas 79735