Case 1:00-cv-00051   Document 48   Filed in TXSD on 01/03/2002   Page 1 of 71

4-x

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 3 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| THOMAS TITUS TORY | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| R. ESCAMILLA, CORRECTIONAL | § | CIVIL ACTION B-00-051 |
| OFFICER | § | |
| Defendant | | |

## DEFENDANT R. ESCAMILLA'S MOTION TO DISMISS
## AND/OR MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE:

NOW COMES Defendant, R. Escamilla[1], and files this Motion to Dismiss pursuant

to 28 U.S.C. 1915(d) and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim

upon which relief may be granted and/or Motion for Summary Judgment pursuant to Federal

Rule of Civil Procedure 56(c).  In support, the Defendant would show the court as follows:

## I.
## SUMMARY JUDGMENT EVIDENCE

1.      The following summary judgment evidence is offered in support of the

Defendant's Motion to Dismiss and/or Summary Judgment:

Exhibit A:          Affidavit of R. Escamilla;

Exhibit B:          Affidavit of Warden David Forrest;

---

[1]Plaintiff's Amended Petition adds Wackenhut Corrections Corporation and Warden David Forrest as
additional Defendants in this case.  However, neither Wackenhut Corrections Corporation nor Warden David Forrest
have been served in this case.

Exhibit B-1:        "Rack time" policy and procedures;

Exhibit B-2:        Disciplinary Action Report for Plaintiff, Thomas Tory; and

Exhibit C:        Plaintiff's medical records from September 20, 1999 to July 16, 2001.

The Court is further requested to take judicial notice of its file in connection with its review of this Motion.

## II.
## STATEMENT OF FACTS

2.     Plaintiff, an inmate formerly incarcerated at the Wackenhut Correctional Facility ("Willacy County Unit")[2] in Willacy County, Texas, brings this lawsuit *in forma pauperis* alleging the Defendant was deliberately indifferent to his safety, and thus violated certain rights guaranteed under the Eighth Amendment to the United States Constitution. Plaintiff seeks injunctive relief in the form of a Temporary Restraining Order to prevent harassment and/or retaliation by any Texas Department of Criminal Justice Officials, and compensatory damages and punitive damages for physical and emotional harm in the amount of $200,000.00.

3.     The events giving rise to this claim occurred on or about the night of September 20, 1999 when, at approximately 1:00 a.m., a racial disturbance occurred in Housing Unit 3C. An altercation broke out between several inmates. Plaintiff, Thomas Tory, was one of the offenders participating in the inmate rioting. The incident occurred in

---

[2]     The Willacy County Unit is under contract with the Texas Department of Criminal Justice to house individuals who have been convicted of felonies and sentenced to prison.

violation of "rack time" policy which states that lights out are to occur weekdays at 10:30 p.m. After lights out, inmates are not allowed to be out of their bunks for any reason except to use the restroom. [Exh. B-1].

4.      At the time the riots broke out, Defendant, R. Escamilla, was employed as a Correctional Officer assigned to Housing Unit 3. He was working the picket, a centralized control room equipped with video monitoring equipment for all of the Unit 3 housing area. While monitoring the 3C area, Officer Escamilla noticed a disturbance had occurred and the inmates were not in their bunks. Officer Escamilla activated the emergency system and turned on the lights in the area to see the offenders, including Plaintiff, involved in a dispute. [Exh. A]. As the officer in charge of the picket, Officer Escamilla did not directly respond to the incident.

5.      Security staff responded to the disturbance and found Plaintiff and other inmates involved in a physical and verbal altercation. As a result of the disturbance, Plaintiff suffered minor cuts and bruises. He was treated and released from the prison infirmary shortly after the event.

6.      An investigation into the incident revealed Plaintiff was a primary participant in the disturbance. As a result of his participation, Plaintiff received disciplinary action. [Exh. B and B-2].

### III.
### BASIS FOR MOTION

7.      Plaintiff's complaint should be dismissed for failure to exhaust administrative

---

remedies.

8. Plaintiff's complaint should be dismissed because Plaintiff's claims of deliberate indifference are not cognizable under 42 U.S.C. § 1983 (hereinafter "§ 1983").

9. Plaintiff's complaint should be dismissed because Plaintiff cannot maintain § 1983 claim against the Wackenhut Corrections Corporation or Warden Forrest for *respondeat superior.*

10. Plaintiff's complaint should be dismissed because Plaintiff has not sustained any damages that are recoverable under § 1983.

## IV.
## STANDARD OF REVIEW

*A.* *Section 1915(d) Dismissal Standard.*

11. Under 28 U.S.C. § 1915(d), the Court may dismiss, as frivolous, an *in forma pauperis* proceeding whenever the claim has no realistic chance of succeeding or if the claim has no arguable basis in law and fact. *Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993); *Wilson v. Lynaugh,* 878 F. 2d 846, 849 (5th Cir.), *cert. denied,* 493 U.S. 969, 110 S.Ct. 417 (1989). In addition to the above-cited precedent, 28 U.S.C. § 1915(d) authorizes District Courts to dismiss, *sua sponte, in forma pauperis* proceedings for frivolity "at any time, before or after the defendant's answer." *Green v. McKaskle,* 788 F.2d 1116, 1119 (5th Cir. 1986).

12. To maintain a viable action for violation of constitutional rights § 1983, Plaintiff must prove that a person acting under color of a statute, regulation, or authority of the state subjected that person, while within the jurisdiction of the United States, to a

deprivation of any rights secured by the Constitution or laws of the United States.  *Bradt v. Smith*, 634 F.2d 796, 799 (5th Cir. 1981), *cert. denied*, 454 U.S. 830, 102 S.Ct. 125 (1981); *Baker v. McCollan*, 443 U.S. 137, 99 S. Ct. 2689 (1979).

13.    In the instant case, Plaintiff's *in forma pauperis* lawsuit represents a textbook example of a frivolous complaint.  Plaintiff fails to make any allegations that Wackenhut Corp. or Warden Forrest were present or personally involved in the actions of the night of the incident or failed to take any action as a result of the incident.  Further, Plaintiff cannot articulate any reason why Officer Escamilla, violated his rights in that Officer Escamilla was not the supervising correctional officer, nor did he directly respond to the scene of the incident.  Because Plaintiff's claims have no arguable basis in law and in fact and no realistic probability of ultimate success upon their merits, they are properly subject to dismissal pursuant to 28 U.S.C. § 1915(d).

**B.    Federal Rule of Civil Procedure Rule 12(b)(6) Dismissal Standard.**

14.    When ruling upon a Rule 12(b)(6) Motion to Dismiss, the District Court cannot assume the Plaintiff is capable of proving facts he or she has not alleged in their pleadings. *Cline v. Rogers*, 87 F.3d 176, 184 (6th Cir. 1996).  Therefore, a District Court should dismiss a Plaintiff's case if the Plaintiff clearly cannot prove any set of facts that would entitle him to relief under the allegations contained in his complaint.  *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957).  Because Plaintiff's pleadings conclusively demonstrate that Plaintiff cannot

prove any set of facts that would entitle him to relief, the Court should dismiss this case.

## C.   *Rule 56(c) Summary Judgment Standard.*

15.   Federal Rule of Civil Procedure 56(c) provides that Summary Judgment shall be rendered if no genuine issue as to any material fact exists and the moving party is entitled to Summary Judgment as a matter of law. Federal Rule of Civil Procedure 56(c), therefore, permits the District Court to grant Summary Judgment even if the parties dispute some facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510 (1986). In fact, the rule precludes Summary Judgment only if the disputed facts "might affect the outcome of the suit under governing law" and the dispute is genuine. *Id.* For present purposes, a dispute is deemed "genuine" only if the evidence would require a reasonable jury to return a verdict on behalf of the non-moving party. *Id.* In sum, the District Court should grant Summary Judgment when it appears no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Speaks v. Trikora Lloyd P.T.*, 838 F.2d 1436, 1438-39 (5th Cir. 1988).

16.   A defendant need not refute plaintiff's claims to be entitled to Summary Judgment as a matter of law. Rather, a defendant need only demonstrate "there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986); *Slaughter v. Allstate Ins. Co.,* 803 F.2d 857 (5th Cir. 1986). Thus, a defendant is entitled to Summary Judgment when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to the plaintiff's case,

upon which the plaintiff will bear the burden of proof at trial." *Celotex*, 477 U.S. at 325, 106 S. Ct. at 2553; *Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986) (the burden is not on the moving party to produce evidence showing the absence of genuine issue of material fact).

17.     By its very terms, [Rule 56(c)] standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247, 106 S. Ct. at 2510 (emphasis included in original). Genuine disputes over irrelevant or nonmaterial facts may not provide the basis for reversal of summary judgment. *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988).

18.     A "material" fact is one that may affect the outcome of a lawsuit under the governing law of a particular jurisdiction. *Anderson*, 477 U.S. at 247, 106 S. Ct. at 2510. A complete failure of proof regarding essential elements of a non-moving party's claim necessarily renders all other facts immaterial; therefore, there can be no genuine issue of material fact. *Celotex*, 477 U.S. at 325, 106 S. Ct. at 2553.

19.     Because there is no genuine issue as to any material facts that Defendant violated Plaintiff's constitutional rights or that Plaintiff is entitled to recover against this Defendant, summary judgment should be granted.

## V.
## ARGUMENTS AND AUTHORITIES

*D.*     *Plaintiff failed to Exhaust Available Administrative Remedies.*

20.     Plaintiff filed his Amended Complaint on February 7, 2001. Although Plaintiff acknowledges in his complaint that he must exhaust all administrative remedies prior to filing suit, he failed to prove that he has done so.  In fact, the evidence indicates that Plaintiff completely failed to avail himself of the administrative remedies within the prison system as required by 42 U.S.C. § 1997e(a) which reads, in pertinent part: "No action shall be brought with respect to prison conditions under Section 1983 of this Title, or any Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."  Section 1997e(a) was amended to its current form by the Prison Litigation Reform Act, Public Law No. 104-134, § 803, 110 Stat. 1321 effective April 26, 1996, prior to the accrual of Plaintiff's causes of action.

21.     As the Willacy County Unit is governed by the policies and procedures of the Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID")[3], a two-step grievance process is available to inmates. Step One of the grievance process requires the inmate to submit an administrative grievance at the institutional level. Following a thorough investigation of the inmate's claims, a grievance investigator prepares a report making recommendation to be considered by the final decision-maker, completing the initial step of the grievance process.  The final decision-maker is one of a number of individuals from within the prison system, including the chief warden or an assistant warden.  If Step One of

---

[3]     The policies and procedures governing the Willacy County Unit were not developed by Wackenhut Corrections Corporation but were developed by the Texas Department of Criminal Justice.  Wackenhut cannot create its own polcies and procedures.

the grievance procedure is not resolved to the inmate's satisfaction, he or she may then commence Step Two, which is an appeal to the TDCJ-ID Division Grievance Investigator. Following their investigation, the departmental Grievance Investigator prepares a report making his or her own recommendation to the final decision maker. The final decision maker of Step Two may be the director, deputy director, regional director or assistant director for TDCJ-ID.

22.    Alternatively, while Plaintiff's original complaint attached one page of Step Two grievance form, his amended petition failed to do so. Further, the limited information contained on the Step Two form attached to Plaintiff's Original Petition indicates that Plaintiff's complaints were merely pertaining to the disciplinary restrictions placed upon him for participating in the inmate disturbance that resulted in the injuries complained of in the instant litigation. Plaintiff completely failed to raise allegations that the Defendants violated his civil rights by failing to protect him or that the Defendants have a policy or custom of allowing fight to occur at the facility. Because the purpose of the grievance process is to allow inmate complaints to be resolved in an administrative proceeding, for all purposes, Plaintiff has failed to exhaust his administrative remedies.

23.    If Plaintiff were simply seeking monetary damages, administrative remedies would not have to be first exhausted. *See Marsh v. Jones*, 53 F.3d 707 (5th Cir. 1995). However, because Plaintiff clearly seeks injunctive relief in the form of a temporary restraining order, it is mandatory that Plaintiff first exhaust his administrative remedies prior

to filing suit. The failure of Plaintiff to comply with the requirement set out in 42 U.S.C. § 1997e requires that his claims be dismissed.

24.    However, should the Court determine, based either upon its' own motion or that of Defendant's, that Plaintiff failed to state a claim upon which relief may be granted, the Court may dismiss the Plaintiffs claims without first requiring Plaintiff to exhaust his available administrative remedies. *See*, 42 U.S.C. § 1997e(c)(1) and (2).

**E.    *Defendant Did Not Act With Deliberate Indifference nor Was He Aware of a Policy or Custom of Allowing Gang Assaults to Occur.***

25.    Plaintiff alleges that the Defendant was deliberately indifferent to his rights by allowing a policy or custom of gang assaults, attacks, racial riots and fights at the Willacy County Unit following 10:30 p.m. "rack time" hours when the general prison population were supposed to be confined to their respective cells. Plaintiff further claims that Defendant, by allowing the custom and/or policy of violence to continue unchecked, failed to protect his safety and acted with deliberate indifference to his rights and safety as guaranteed by the 8th Amendment to the United States Constitution.

26.    To prevail on a failure to protect claim, the prisoner must demonstrate that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). The United States Supreme Court has held deliberate indifference requires more than ordinary lack of due care for prisoner's interest or safety. *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 1978 (1994). A prison official is not

deliberately indifferent "unless the official knows of and disregards an excessive risk to an inmate's health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw that inference." *Id*. at 838.

27.     Further, a plaintiff seeking to impose liability under a theory of failure to protect under 42 U.S.C.A. § 1983 must not only identify a "policy" or "custom" that caused the injury, plaintiff must also present sufficient evidence that a governmental agency's deliberate action is the "moving force" behind the alleged violations of a protected right. *Board of County Com'rs of Bryan County v. Brown*, 520 U.S. 397, 405, 117 S. Ct. 1382, 1386 (1997). The plaintiff must also demonstrate a direct causal link between the alleged action and the deprivation of federal rights. *Doe v. Beaumont I.S.D. ,*8 F.Supp.2d 596 (E.D. Texas 1998). For purposes of § 1983 actions, "custom" is defined as a persistent and widespread practice or practices that are permanent, well-settled and deeply imbedded in the traditional ways the governmental entity carries out its' policy. *Gonzales v. Brown*, 768 F.Supp 581 (S.D. Texas, 1991).

28.     Generally speaking, prisons are not the safest of places, despite exceedingly rigorous rules and procedures adopted exclusively to prevent occasions of violence and disorder between inmates. The rules and procedures, developed by the Texas Department of Criminal Justice and followed by the Wackenhut Defendants, are specifically directed at ensuring the safety of all inmates at the Willacy County Unit. Plaintiff has failed to present

any evidence showing that the Defendant had a policy or custom of allowing gang assaults, attacks, racial riots and fights at the facility following 10:30 p.m. "rack time" hours. Further, there is no evidence Defendant possessed any knowledge that Plaintiff was in danger prior to the incident in question nor can Plaintiff show that a "policy" or "custom" of violence actually existed at the prison following "rack time" hours, much less that Defendant either knew of, or contributed to, such "custom" and/or "policy" at the Willacy County Unit. The affidavits of Defendant Escamilla and Warden Forrest establish that there was no known gang activity in Plaintiff's housing area nor did they have a "policy" or "custom" of tolerating such activity. [Exh. A and B]. Therefore, Plaintiff's claims regarding deliberate indifference to his personal safety should be dismissed.

### F.   *Plaintiff is not Entitled to Damages Under § 1983.*

29.   Although Plaintiff does not specifically plead a claim under § 1983, he does allege violations of his due process right under the Eighth Amendment. Nonetheless, to prove any claim for violation of due process rights, under § 1983 Plaintiff must first establish the following: 1) Defendants intentionally committed acts which operated to deprive him of a right secured by the Constitution of the United States; 2) Defendants acted under color of state law; and 3) Defendant's acts were the legal cause of the Plaintiff's damages.

30.   Defendant committed no specific acts or omissions resulting in serious, lasting injury to Plaintiff, intentionally or otherwise. However, assuming *arguendo* that Defendants did commit an act or omission causing Plaintiff's injuries, Plaintiff's § 1983 claims should

nevertheless be dismissed because he sustained only *de minimus* physical damages. Absent actual, lasting physical injury, Plaintiff cannot recover for any mental or emotional trauma.

31.    As a component of the Prison Litigation Reform Act, Congress adopted 42 U.S.C. § 1997e(e) which reads as follows: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury," The Fifth Circuit Court of Appeals analyzed the definition of "physical injury" in *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997). In their decision, the Fifth Circuit observed that the statute fails to provide any definition for what constitutes physical injury, but determined the well-established Eighth Amendment standards should guide the Court's analysis in determining whether a prisoner had sustained the necessary physical injury to support a claim for mental or emotional suffering. The Court noted, based upon Eighth Amendment standards, the injury must be more than *de minimus,* but need not be significant. In *Siglar*, an inmate suffered a sore, bruised ear lasting for days as the result of action taken by defendants. The Court found that a sore, bruised ear lasting for three days was *de minimus*.

32.    In this case, even if there were not a problem with causation, the Plaintiff merely received first aid and several stitches to his forehead immediately following the complained of incident. Plaintiff was never treated at a hospital outside the prison infirmary and received no medical treatment following his release on the night in question. [Exh. C]. Similar to the sore, bruised ear in *Siglar*, Plaintiff's lacerations and bruises healed without

incident in a matter of days.

33.     The alleged injuries, even if caused by the acts and/or omissions of the Defendants, are *de minimus* in nature. As such, they are insufficient bases for Plaintiff to successfully recover damages under 42 U.S.C. § 1983.  Since no physical injury was sustained by Plaintiff sufficient to satisfy § 1983 requirements, Plaintiff may not also recover for damages related to any alleged mental or emotional injury.  *See* 42 U.S.C. § 1997e(e).

## VI.
## CONCLUSION

34.     Plaintiff failed to plead sufficient facts to state a cause of action in his First Amended Complaint.  Additionally, Plaintiff wholly failed to exhaust his administrative remedies as required under Federal law.  Finally, Defendant's summary judgment proof sufficiently establishes that no genuine issue of material fact exists in this case and Defendant, therefore, is entitled to judgment as a matter of law as to all claims.

WHEREFORE PREMISES CONSIDERED, Defendant R. Escamilla prays that the Court grant his Motion to Dismiss and/or Motion for Summary Judgment and enter a Final Judgment dismissing each of Plaintiff's claims with prejudice.  Defendant further prays for any other relief to which this Court deems he is justly entitled.

Respectfully submitted,

By:  _Linda Kearney w/ permission_

**Linda M. Kearney**
Federal I.D. No. 18425
State Bar No. 00787811
PORTER, ROGERS, DAHLMAN &
GORDON, P.C.
One Shoreline Plaza
P. O. Box 2968
Corpus Christi, TX 78403-2968
(361) 880-5808 - Office
(361) 880-5844 - Fax

**ATTORNEYS FOR DEFENDANT, WARDEN
ESCAMILLA, CORRECTIONAL OFFICER**

# CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document has been forwarded by certified mail, return receipt requested to Thomas Titus Tory, Jester III Unit, Richmond, TX 77469 in accordance with Rule 5(d) of the Federal Rules of Civil Procedure, on the ___2___ day of January, 2002.

**Linda M. Kearney**

---

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THOMAS TITUS TORY | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| WACKENHUT, INC., CORP., | § | CIVIL ACTION B-00-051 |
| WARDEN DAVID FORREST, | § | |
| R. ESCAMILLA, CORRECTIONAL | § | |
| OFFICER | § | |
| Defendants | | |

## AFFIDAVIT OF RODOLFO ESCAMILLA, JR.

STATE OF TEXAS          §

COUNTY OF Cameron    §

  Before me, the undersigned authority, personally appeared Rodolfo Escamilla, Jr. who being duly sworn deposes as follows:

  1. "My name is Rodolfo Escamilla, Jr. I am over 21 years of age, of sound mind, and capable of making this affidavit. I have never been convicted of a crime of moral turpitude and have personal knowledge of the facts stated herein, and they are true and correct.

  2. Between April 1999 and October 1999, I was employed by the Wackenhut Corrections Corporation. I was assigned to the Willacy County Unit as a correctional officer.

  3. On September 20, 1999, I was assigned to work the House 3 Picket area. At approximately 1 a.m., I saw several inmates fighting and rioting in the 3C dormitory. The incident occurred in violation of rack time policy, which states that lights out are to occur weekdays at 10:30 p.m. After lights out, inmates are not allowed out of their bunks, except to use the restroom.

  4. I was unable to tell who started the riot, but there were approximately 15 - 20 inmates

Exhibit A

involved. Upon learning of the disturbance, I immediately called out a "code black" and turned on the lights.

5.      An investigation into the incident was conducted, which revealed that the Plaintiff, Thomas Tory, and another inmate began fighting with each other, and the other inmates joined in. As a result of the altercation, Plaintiff sustained minor injuries and was escorted to the unit medical department for treatment. A search of the area where the fight occurred revealed a canned food item in a red onion sack. However, I was unable to determine the role of this item in the matter.

6.      To my knowledge, while I was employed at the Willacy County Jail, there were no confirmed gang members in the 3C dormitory area, nor was I made aware of any attacks by gang members in the 3C dormitory.

7.      Further Affiant sayeth not."

                                            _____
                                            RODOLFO ESCAMILLA, JR.

      SUBSCRIBED AND SWORN BEFORE ME, the undersigned authority, on this the 27ᵗʰ day of _____December_____, 2001.

                                            _____
                                            NOTARY PUBLIC/STATE OF TEXAS



S:\Wackenhut Corporation\Tory, Thomas T\Documents\Escamilla Affidavit.wpd

B

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

THOMAS TITUS TORY                  §
        Plaintiff              §
                                   §
VS.                                §
                                   §
WACKENHUT, INC., CORP.,            §      CIVIL ACTION B-00-051
WARDEN DAVID FORREST,              §
R. ESCAMILLA, CORRECTIONAL         §
OFFICER                            §
        Defendants             §

## AFFIDAVIT OF DAVID FORREST

STATE OF TEXAS          §

COUNTY OF WILLACY       §

Before me, the undersigned authority, personally appeared David Forrest, who being duly sworn deposes as follows:

1.     "My name is David Forrest. I am over 21 years of age, of sound mind, and capable of making this affidavit. I have never been convicted of a crime of moral turpitude and have personal knowledge of the facts stated herein, and they are true and correct.

2.     I am employed by the Wackenhut Corrections Corporation and am currently assigned to the Willacy County Unit as Senior Warden. I served as Assistant Warden from September 1997 to March 1999. I have been the Senior Warden since March 1999.

3.     On September 20, 1999, I was made aware of a disturbance in Housing 3C dormitory involving the Plaintiff, Thomas Tory, and other inmates. Upon my direction and command, and investigation was conducted into the incident, which included interviewing all of the witnesses and participants in the disturbance. The investigation revealed that Plaintiff, Thomas Tory, was a major

Exhibit B

participant in the disturbance, and as a result, after notice and hearing, Plaintiff received disciplinary action.

4.     Attached hereto are true and correct copies of the written disciplinary action that was received by Thomas Tory in connection with this matter and copy of our "rack time" policy.  I am custodian of these records.  These records were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, was kept in the course of the regularly connected activity and was made by the regularly conducted activity as a regular practice.

5.     During the time in question, there was no known gang activity in unit 3C dormitory nor were there any confirmed gang members assigned to unit 3C dormitory nor was I aware of any complaints by Plaintiff, Thomas Tory, that his safety was at issue.  Further, there is no history of assaults or rioting between inmates in the 3C dormitory.  The Willacy State Jail does not have a policy or custom of allowing gang assaults, attacks, racial riots or fights to occur at the facility after rack time hours, or at any time.

6.     Further Affiant sayeth not."



David Forrest

SUBSCRIBED AND SWORN BEFORE ME, the undersigned authority, on this the 24 day of _____, 2001.

NOTARY PUBLIC/STATE OF TEXAS

COLETTE WATT
NOTARY PUBLIC
State of Texas
Comm. Exp. 04-25-2005

B

1

Rack-Time Policy

F.   Bunk are. ghts out" occurs every night at 10:30 F xcept Fridays,
*La hora de apagar las lucen en el area de tarimas occure cada noche a las*
Saturdays and holidays.  Offenders are not allowed out of their bunk after
*10:30 P.M. aparte de viernes, sabado y dias de fiesta.  Los presos no son*
lights out except to use the restroom.
*permetidos salir de sus tarima despues de que apagen las luces, con la*
*excepcion de ir al bano.*

G.   Rack-up occurs at 10:30PM except on nights preceding weekends and
*"Rack-up" o tiempo para acostarse se lleva acabo a las 10:30P.M. aparte*
holidays.  During these nights, rack-up will usually be at 1:00AM, but
*de noches antes de fin de semana y dias de fiesta.  Durante esta noches,*
can be modified at the discretion of the shift supervisor.  Televisions may
*"Rack-up" o mas del tiempo sera a las 1:00 A.M., pero puede modificarse*
remain on after 1:00 AM to finish a program being watched at the
*al deseo del sobrestante encargado. Las televiciones pueden mantenerse*
discretion of the Shift Supervisor.
*Prendidas despues de la 1:00a.m. para acabar de ver algun prorama.*

Exhibit B-1

B

2

MAR-12-01 MON 15:40                                                              P. 09

## TDCJ DISCIPLINARY REPORT AND HEARING RECORD

000026274 TDCJNO: 0037877  NAME: TORY,THOMAS TITUS JR          RA   4.6
UT  NSMC: H3C    001       JOB: INSTITUTIONAL LOCKDOWN          IG: 100
CUST: MI  PRIMARY LANGUAGE: ENGLISH        MHMR RESTRICTIONS:   NO
MA / SS   OFF.DATE: 09/20/99  01:00 AM  LOCATION: UI DAYROOM
TF

### OFFENSE DESCRIPTION

THE DATE AND TIME LISTED ABOVE, AND AT HOUSING 3 CHARLIE, OFFENDER, TORY,
THOMAS TITUS JR, TDCJ-ID NO. 00378779, INTENTIONALLY PARTICIPATED WITH WILLIAMS,
TDCJ NO. 00873798 AND JONES, DAMIAN TDCJ NO. 00769634 IN CREATING A RIOT
CREATED A DANGER OF DAMAGE TO PROPERTY AND INJURY TO PERSONS BY ASSAULTING
OTHER OFFENDERS AND SUBSTANTIALLY OBSTRUCTED THE PERFORMANCE OF UNIT OPERATIONS
REQUIRING ALL UNIT STAFF TO RESPOND TO HOUSING 3 CHARLIE.

CHARGING OFFICER: ESCAMILLA, R.                SHIFT/GUARD: 3 B

### OFFENDER NOTIFICATION , IF APPLICABLE INTERPRETER,

TIME & DATE NOTIFIED: 4 18 AM 9-28-99 BY: (PRINT) M. MUNOZ
WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
DO YOU WANT TO ATTEND THE HEARING (YES) NO  IF NO, HOW DO YOU
OF GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: X Thomas Tory       DATE: 9-28-99
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: X Thomas Tory       DATE: 9-28-99

### HEARING INFORMATION

HEARING DATE 10-5-99  TIME: 11:40AM  STAFF 414  SIDE A  START 120  END 294
START6  END5

EXPLAIN BELOW BY NUMBER: (1) IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART OF
HEARING, (2) IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
HEARING STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7) IF INTERPRETER USED: (SIGNATURE ___

CHARGE CODES: 108   NG
OFFENDER PLEA: (G, NG) NONE)
WITNESS: (G, NG, US)

USED TO MINOR (PRIOR TO DOCKET) ___ (DOCKET) ___ (HEARING) ___ BY: (INITIAL) ___
GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
(A) ADMISSION OF GUILT), (B) OFFICER'S REPORT (C) WITNESS TESTIMONY (D) OTHER
(B) Officer's report (D) additional information

### PUNISHMENT

| | | | |
|---|---|---|---|
| OF PRIV (DAYS) 45 | REPRIMAND ___ | SOLITARY (DAYS) 15 | |
| RECREATION (DAYS) 45 | EXTRA DUTY (HOURS) ___ | REMAIN LINE 3 ___ | |
| COMMISSARY (DAYS) 45 | CONT.VISIT SUSP THRU / 45 | REDUC.CLASS FROM S4 TO L3 | |
| PROPERTY (DAYS) ___ | CELL RESTR (DAYS) 45 | GOOD TIME LOST (DAYS) 30 | |
| (DAYS) ___ | SPECIAL CELL RESTR (DAYS) ___ | DAMAGES $ ___ | |

SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED:
Serious nature of offense,

IF FOR PRE-HEARING DETENTION TIME? YES (DAYS) ___  NO / (NA)
PLACED IN PRE-HEARING DETENTION: ___  HEARING LENGTH 19 (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT X Thomas Tory
J. Montgomery  / warden
HEARING OFFICER (PRINT)

Exhibit B-2

C

# CLINIC NOTES
### TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION

**Name:** _Tony_

**TDCJ No.:** _378779_

**Unit:** _____

| Date & Time | Notes |
|---|---|
| 7/8/01 1010 | SCR # 340  Triam oint, not cream renewed. Chart to MD _____ Kmein, u |
| 7/8/01 | Triamcindone 0.025% oint BID q day X 10days, KOP all _____ Sullivan |
| 7/11/01 1215 | I/m placed on list to see Dr. Pam. _____ M gonzalez, MRT |
| 7.16.01 | Pt's old TDCS records reviewed; pt had cardiac cath showed drawed single vessel disease 6/89. ⊖ valvy problems. ⓐ CAD ⓑ Schedule FMEM — needs ♡ meds |

**Exhibit C**

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION

Name: _Ivry_

TDCJ No.: _378779_

Unit: _Lid_

| Date & Time | Notes |
|---|---|
| | TDCJ POLICY REQUIRES TWO VISUAL ACUITY TESTS BEFORE A REFERRAL CAN BE MADE. |
| | DATE: 6/30/01      TIME: 0800      TEST# 2 |
| | PATIENT'S COMPLAINT: _near_ |
| | GLASSES WORN NOW? _No_    STATE ISSUED?         DATE ISSUED: |
| | DIABETIC? _No_    HOW LONG?         NIDDM OR IDDM? |

VISUAL ACUITY (AIDED):

| | FAR | | NEAR |
|---|---|---|---|
| O.D.(R) | | O.D.(R) | |
| O.S.(L) | | O.S.(L) | |
| O.U.(B) | | O.U.(B) | |

VISUAL ACUITY (UNAIDED):

| | FAR | | NEAR |
|---|---|---|---|
| O.D.(R) | 20/25 | O.D.(R) | 20/100 |
| O.S.(L) | 20/25 | O.S.(L) | 20/70 |
| O.U.(B) | 20/25 | O.U.(B) | 20/70 |

IF CONTACTS ARE WORN, PLEASE HAVE THE OFFENDER REMOVE THEM FOR THE UNAIDED EXAM.

IF INTERPRETER USED, PLEASE HAVE QUALIFIED INTERPRETER SIGN HERE:

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### INSTITUTIONAL DIVISION

Name: Tory, Thomas T

TDCJ No.: 378779

Unit: _H_

| Date & Time | Notes |
|---|---|
| 6/28/01 1:245 | S. Hx: HTN — No commissary foods |
| | O. Ht. 5'9"   DIET ORDER: Low Cholesterol NAS |
| | Wt. 166# 11/99  154# 5/25/01  150# 11/98 |
| | AGE. 46   LABS Lili - 1.4 (0.2-1) |
| | H Lferme   6/4/01 |
| | IBW. 146 - 175#   Chol. 297, Trigl. 66, LDL 223 |
| | BMI. 23   10/98 " 289 " 129 " 209 |
| | LITERATURE. FAT CONTROLLED DIET |
| | "What's Cholesterol?" AHA |
| | Mild Na Restriction |
| | A. Wt fluctuated upward by 16# from 98 to 99 then dropped by 12# over a period of ~2 yrs. |
| | Comprehension — I/M verbalizes understanding. Demonstrates high level of interest. |
| | P. Dietary compliance → ↓chol, controlled BP, ↓ LDL. Franziska Voigt, RD/LD |

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### INSTITUTIONAL DIVISION

Name: Tory Thomas

TDCJ No.: 379779

Unit: CH

| Date & Time | Notes |
|---|---|
| 6/27/01 1845 | S: Here for NSC c̄ request for BS. O: BP 164/73, P 65, R 20, T 98⁶, Wet. 150 RBS 91. A: As above. P: Instructed IM to send I-60 to have another VA. Has appt pending c̄ Dr. Poss for cataracts check —————— D Jones RN |
| 6-28-01 0600 | Scr #150 refill PU given too early on Triamide PW gives |

Please sign each entry with status.

0011

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### INSTITUTIONAL DIVISION

**Name:** _Torip_
**TDCJ No.:** _378779_
**Unit:** _LH_

| Date & Time | Notes |
|---|---|
| 6·11·01 | I/m was fasting on lab drawn on 6.4.01 will let Dr. Talley review lab. Baza |
| 6-11-01 | Redraw FLP ~ 8-13-01 noted |
| 6-12-01 1400 | HSM×18 appt expired. See my notes 4-16-01 & FLP 5-25-01. Ⓓ HSM-18 new - DIC# 19 & 20, give rest # 3 & 20-00. |
| 6/14/01 | 0130 SCR# 801 Pt c/o continued eye problems - vision blurred, irritation, pain, difficulty seeing. Response: You have a pending appt c̄ Dr. Pass to check cataracts. M. Gonzales, RN |
| 6/18/01 | 2340 SCR# 981. "renew my Rx for Triamcinolone." Response: Too early Rx 6/14/01 - 6/27/01. DForbes RN |
| 6/25/01 | 2332 SCR# 1411. "Renew Triamcinolone." Response: Chart to MD. DForbes RN |
| 6/26/01 | Rx: Triamcinolone 0.025% cream - apply ½ gm top cream BID × 14d (FOP) Re 6-26 |
| 6/25/01 | 2333 SCR# 1412. "Have blood checked for sugar, problem c̄ vision + urinating." Response: NSC. DForbes RN |

Please sign each entry with status.

HSM - 1 (Rev. 5/93)

# CLINIC NOTES
TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION

Name: _Tony_
TDCJ No.: _378774_
Unit: _LH_

| Date & Time | Notes |
|---|---|
| | TDCJ POLICY REQUIRES TWO VISUAL ACUITY TESTS BEFORE A REFERRAL CAN BE MADE. |
| | DATE: _6/9/01_      TIME: _0900_      TEST# _1_ |
| | PATIENT'S COMPLAINT: _near_ |
| | GLASSES WORN NOW? _No_      STATE ISSUED? _No_      DATE ISSUED: |
| | DIABETIC? _no_      HOW LONG?      NIDDM OR IDDM? |
| | VISUAL ACUITY (AIDED): |
| | FAR                                                        NEAR |
| | O.D.(R)                                                    O.D.(R) |
| | O.S.(L)                                                    O.S.(L) |
| | O.U.(B)                                                    O.U.(B) |
| | VISUAL ACUITY (UNAIDED): |
| | FAR                                                        NEAR |
| | O.D.(R) _20/25_                                            O.D.(R) _20/100_ |
| | O.S.(L) _20/25_                                            O.S.(L) _20/100_ |
| | O.U.(B) _20/20_                                            O.U.(B) _20/100_ |
| | _Runyon_ |
| | IF CONTACTS ARE WORN, PLEASE HAVE THE OFFENDER REMOVE THEM FOR THE UNAIDED EXAM. |
| | IF INTERPRETER USED, PLEASE HAVE QUALIFIED INTERPRETER SIGN HERE: |

0013

# CLINIC NOTES
### TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION

**Name:** Tony, Thomas

**TDCJ No.:** 378779

**Unit:** LL

| Date & Time | Notes |
|---|---|
| 6·4·01 9:00 | Collected CMP + FLP Sent to P.C.M.H. B₃ — |
| 6·6·01 | Redraw FLP fasting |
| 6/7/01 | 1230 SCR # 48 Pt requesting a refill of Ibuprofen et Selenium Sulfide. Chart to MD/PA — M. Gonzalez, hvn |
| 7/8 | Rx: Selenium Sulfide 2.5% Susp. Apply 1 ml q 2 days x 30 days KOP |
|  | Ibuprofen 600mg ÷ P.O. Q I D x 30 days KOP |
|  | AR X 2                                     au [signature] |

Please sign each entry with status.

HSM - 1 (Rev. 5/93)

0014

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### INSTITUTIONAL DIVISION

**Name:** Joy, Thomas

**TDCJ No.:** 378779

**Unit:** CH

| Date & Time | Notes |
|---|---|
| 5/26/01 7:10 | NSC — Wt - 155   B/p-169/85 P- 76   T-98° C/o blurred vision, HA's, dizziness, pain to bilateral. O: Skin w/o swelling noted to bilateral eyes c̄ redness, Pupils equal and reactive. A: as above P: MD/PA clinic - Kneisley |
| 5/30/01 0630 | Sch̄ 190cl Rx Refill - too soon to renew Ibuprofen   C Hernandez L__ |
| 5.30.01 | SCR# 1868 request renewal resp chart to MD. _____ M Dulaney RN |
| Medication Ordered Date 6/1/01 Initial __ | Rx: Triamcinolone 0.025% oint BID X 140 KOP       Triamcinolone 0.025% crm BID X10D KOP       on _____ Phillips |
| 6/1/01 0820 | Wt 152 T 980   B/p (129/73) P 62   MD/PA Clinic - blurred vision/headaches - N. Gonzales, per lent VA 5/00 20/20 ® 20/25 prob exp am HA frontal   eat 2-3x   glu 103 (10/98) Metho cofen cholest 287 Trig 129 LDL 209 10/98 repeat 5/25/01 O: Heart RRR s̄ m̄   Carotids ā cuts w/dilat Eyes fundi unable to focus on retina A: © Cataract ® Skin tear P: __ Schedule Dr Paro √ cataracts Triam - 0.025% oint BID X 10 D KOP TAC gd prn X 10 D Allergy Admin care RTC per SCR   Phillips |

Please sign each entry with status.

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### INSTITUTIONAL DIVISION

**Name:** Troy Thomas

**TDCJ No.:** 378779

**Unit:** CH

| Date & Time | Notes |
|---|---|
| 5-16-01 0650 | SCR# 969 request tennis shoes resp you have a F/U scheduled — Mulaney RN |
| 5-17-01 9:15 | Collected CMP, FLP, CBC, TSH sent to PMH — J___ |
| 5-17-01 | DIC FLP. |
| 5/25/01 0850 | BP 157/93 P 54 T 99° wt 154 feet   A Hernandez LVN |
| | ⑤ See note 4-26-01 ; here to F/U visit from then. Was on prob. diuretic in past, caused frequent urination. See ITP. |
| 5-25-01 | Hospital draw last specimen my lab. ⑨ CMP, FLP, ___ |
| 5/26/01 | 0410 SCR# 1511 Pt c/o prob lem c eyes, vision blurred headaches x 1 months. NSC. ___ Gonzalez RN |

Please sign each entry with status.

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION

Name: _Jory Ilmas_

TDCJ No.: _0358779_

Unit: _____

| Date & Time | Notes |
|---|---|
| 5/11/01 0900 | Wt + 155 T 98⁰ P 66 BP 147/88 ½ feet — J Lopez |
| | **NO SHOW**   J Lopez |
| 5/11/01 230 | SCR # 685 c/o Foot problem, NSC — Kmeier, L |
| | I/M needed to be rescheduled for MD/PA clinic. RN Jeles L |
| 5-14-01 | 1220 SCR — was put on LC diet by Talley — not on list. Response: there was no order for diet ____ T. LOBSTEIN, LVN, CIP |
| 5/15/01 0630 | SCR # 890   Rx Refill chart to mdlPA   A Hernandez LVN |
| | Rx Triamcinolone 0.025% oint apply + gm top oint Bid x 14d KOP _____ Rullie |
| 5/15/01 0855 | Wt 156½   T 97⁵   B/P 127/78   P 67 |
| | MD/PA Clinic - feet   10½   M Gonzales LVN |
| | buenas sq   required sit ups Chol 289 LDL 209 |
| | O: Feet healing abrasion fascia ____   Good ROM s pain |
| | A: Pedalgia |
| | P: FLP — non fasting |
| | Insoles 10½ X 90 D |
| | Skin sharp god x 30 D KOP |
| | ⊕ Motin 600mg T QID X 30 D KOP |
| | Admired care   RN _____ S Rullie PA |

Date Observation Ordered ___ 5/16 ___

Initial ___

Please sign each entry with status.

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTI
## INSTITUTIONAL DIVISION

Name: _Tony_
TDCJ No.: _378779_
Unit: _LH_

| Date & Time | Notes |
|---|---|
| 4-3-0? | (A) as per prior |
| | (P) HSM-18 rest — s/b out PULHES |
| | O 1, gym rest # 19, 20 x 30d |
| | BP checks + W x 30d DSSRQQM. |
| | Lab - CBC, T3H, CMP SN8½ |
| | Tennis shoes denied @ this time |
| | ✓ med records release for prior TDCJ onset |
| | incarceration + cardiac w/u |
| | FU ∅ mo + no 51250(a). |
| | hospital job ↓ up to 5d. (signature) |
| 4.30.01 | I/M to clinic pass dated wrong |
| 1700 | HSM-18 not entered yet. pass |
| | corrected + chart referred to |
| | medical records for data entry. |
| | Dulaney LVN |
| 5.5.01 | SCR # 282 request refill resp chart |
| 1340 | to MD.            Dulaney LVN |
| | Rx: Triamcinolone 0.025% oint. BID X1 mo |
| | Triamcinolone 0.025% BID X10D KOP |
| | on             (signature) |
| | SCR #541 wants T. see doctor about |
| | continuing foot problems MD McKinney |
| | Burlington |

Please sign each entry with status.

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### INSTITUTIONAL DIVISION

Name: Tony Thomas

TDCJ No.: 379779

Unit: _____

| Date & Time | Notes |
|---|---|
| 4.25.01 | 0630 See #1549 refill RN schl 24 Triamcinolone .025% apply Ad. Kos. ok Schultz jr |
| 04/26/01 | BP 145/86 P 56 T 97.5 wt 152 (See 4/5/01) Feet — Hernandez |

(B) 46yo BM ē pain to feet working in field. also ē "hurts" to top of feet.
A. also ē H₂o HTN, "valvu problem" + blocked arteries. 5/p cath 12 yrs ago.

O. neck & noses. Cor irreg about rhythm gr 2t 2-3/6 SEM. lungs CTA.
Feet — scattered calluses, sr toes overlie 3rd toes slightly. NVI.

A. H₂o HTN
? valvular heart disease
Feet abnl

P. ECG today. prescribed
BP checks in week — indeterminate x98
Need to see ECG ē pt leaves —

ECG draws N's CW LVH + rhythm strip ē frequent multifocal PVCs (CPT)

Please sign each entry with status.

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTIC
## INSTITUTIONAL DIVISION

Name: Ivy, Thomas

TDCJ No.: 378779

Unit: _____

| Date & Time | Notes |
|---|---|
| 4/15/01 | cont. pain. The soles are worn, & a hole is noted on right shoe. See 3/13/01 entry. |
| | A- same as above |
| | P-1) Chart to PA for refill of Triamcinolone / review chart for medical shoes. |
| | M. Gonzales, LVN |
| 4/15 0700 | Triamcinolone 0.025% Ung |
| | Apply 1 Gm BID x 7days KOP  RN S. Ruiz JR |
| 4-18-01 2320 | Doc # 156 Requests refill of Selenium Sulf + Triamcinolone. Too early to reorder Selenium, chart to MD  Barrington LVN |
| | RX Triamcinolone 0.025% oint |
| | Apply 1 Gm Topical oint BID |
| | x 7 days = K O P |
| | RN S. Ruiz JR |
| 4-24-01 0730 | SCR # 1474 C/o continued pain in feet & cant wear boots. Ref to MD/PA f/u scheduled  R. Mahoney, RN |

Please sign each entry with status.

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION

Name: Tory Thomas

TDCJ No.: 378779

Unit: CH

| Date & Time | Notes |
|---|---|
| 7-2-01 2327 | SCR #185 Request for refills of Triamcinolone ointment and Selenium Sulfide. Chart to MD Barrington ___ |
| | RX Triamcinolone 0.025% ointment Appl 1 gm top oint B.I.D. X 7 days - KOP |
| | RX Selenium Sulf 2.5% Susp apply 1 ml suspension ? time q 7 days x 30 days KO. |
| | all ____ RN |
| 4-12-01 0915 | SCR #757 Requests renewal of Triamcinolone chart to MD. Barrington ___ |
| | RX Triamcinolone 0.025% oint Apply 1 gm top oint B.I.D. X7day KOP |
| | all ____ RN |
| 4-14-01 2040 | SCR #915 c/c Problem-in-hand? Recurring problem c pt. Referred to RSC B Smith ___ |
| 4/15/01 0840 | S- Wt 160    T 97.0    B/P 116/67  P 74 |
| | Pt requesting a refill of Triamcinolone Cream for recurrent scalp condition. |
| | O   Pt requesting medical tennis shoes. |
| | O- Papular rash noted at hairline. Pt wants medical shoes. Pt has a personal |

Please sign each entry with status.

# CLINIC NOTES

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION

**Name:** Tony Thomas

**TDCJ No.:** 0378779

**Unit:** CH

| Date & Time | Notes |
|---|---|
| 3-13-01 0900 | T 98.1 BP 162/74 P 70 wt 156 |
| | c/o foot pain. ___ Mulaney RN |
| | hot of exercise none (10) |
| | O: Shoes tennis personal warm hed & toe |
| | no calleaus had Achilles non tende bilt |
| | Med callous ® great toe med. No hammer |
| | toes though sl callous. Fascia non |
| | tender |
| | P: Pedalgia |
| | P: Insoles 10 x 90D ___ RN |
| | Motin 600mg Q10 x 30D KOP |
| | Adured care exp č ambulation |
| | RTC prn SCR ___ Skille RN |
| 3/__/01 0530 | SCR# 1068 Triamcinolone oint refills. Chart to MD- ___ |
| | Rx Triamcinolone 0.025% oint BID x 7days - KOP |
| | or ___ Skille RN |
| 3/25/01 0625 | SCR# 1580 Pt requesting a refill of |
| | Triamcinolone. Chart referred to MD/PA for a |
| | refill ___ M. Gonzales, RN |
| | Rx: Triamcinolone 0.025% Ung BID x 7days KOP |
| | or ___ Skille RN |

Please sign each entry with status.

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION

Name: _Tory Thomas_

TDCJ No.: _0378779_

Unit: _LH_

| Date & Time | Notes |
|---|---|
| 3-1-01 0830 | SCR #9 Inn. request med rep Chair to MD. _H Dulaney_ LVN |
| 3-1-01 | Rx: Triamcinolone 0.025% BIAX 7D KOP oh _S Gulley_ NP |
| 3-8-01 0525 | SCR# 468 Im requests refill of Selenium Sulfide and triple antibiotic ointment. chart to doctor. _Barrington_ LVN |
|  | Rx Selenium Sulf 2.5% Susp Apply 1 ml Susp 1X every 2 days for 30 days - KOP |
|  | Rx F.A.O. Apply daily X 14 days KOP |
|  | oh _S Gulley_ NP |
| 3/8/01 2100 | SCR# 512 Requesting medical shoes due to callouses, foot pain. NSC _K meinig_ LVN |
| 3/9/01 0625 | Wt. 155  T 98.4  P 67  BP 147/75 |
|  | S c/o ankle pain, arch pain ē callouses |
|  | O. Small callouses noted. C/o pain on palpitation. Request tennis shoes. Works Hoe squad #3 |
|  | A Evaluat P. MD/PA clinic _J Cope_ |

Please sign each entry with status.

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JU
## INSTITUTIONAL DIVISION

**Name:** _Tory Thomas_
**TDCJ No.:** _0378774_
**Unit:** _LH_

| Date & Time | Notes |
|---|---|
| 2/13/01 | 1015 SCR #860 Pt requesting a refill of Triamci O.025% Ung. Chart referral to MD/PA for a re___ ____ M. Gonzalez |
| *Medication Ordered* *Date* *Initial* 2/X/7 | Rx Triamcindone 0.025% Ung apply 16m BII qd x 7 days. KOP ____ |
| 2/22/01 | 1030 SCR #2373 Pt requesting a refill of Triamcm et TAO. Chart referral to MD/PA. ____ M. ___ |
| *Medication Ordered* *Date* *Initial* 2/23/ | Rx Triamcindone 0.025% Ung appy 16m BID qd x 7 days TAO qd x 14 days KOP ____ |
| 2/27/01 1925 | — ⑤ picked up @ back gate c/o "falling out"   ⑥ BP @ back g 100/77 — brought to infirmary — ___ ambulation ᔕ assistance, BP 12 |
| | @ 1130 P-64 — States "had 3 glasses juice — ② hot breaks in et @ 2nd hot br in pm" — Ⓐ same Ⓟ will monitor in E.R. ____ Hernand___ |
| 1400 | BP 104/64 ____ Hernand |
| 1500 LH | BP 107/60 — Ⓑ skin warm et dry, oriented x 3, buccal membrane moist, "states — 'feel better'" — allowed to return to ____ et PRN — Hernand___ |

**Please sign each entry with status.**

HSM-1 (Rev. 5/83)

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JU
## INSTITUTIONAL DIVISION

Name: Dony J

TDCJ No.: 398779

Unit: LH

| Date & Time | Notes |
|---|---|
| 1/4/01 1710 | SCR#394 Rx Refill - chart to md TPA |
| | Atternandes |
| | Rx Benzoyl Peroxide as directed + time peri |
| | Rx - Selenium Sulf 2.5 susp apply (1) ml susp + time q 2 days x 30d KOP |
| | Rx - Triamcinolone 0.025% oint apply Tgr top oint (2) times q d x 7 days KOP |
| | oh Skully jr |
| 1/10/01 1305 | -SCR# 1111 / Rx Refill - chart to md TPA |
| | Atternandez |
| | Rx - Triamcinolone 0.025% oint + gm top oint Bid x 7 days   oh Skully |
| 1/25/01 | 1015 SCR# 1607 Rx refill |
| | Triamcinolone 0.025% oint apply 2.6m + oint Bid x 7d -top   oh Skully |
| 2/6/01 | 0840 SCR# 396 Rx Chart refill - Hier 2 |
| | TAC q d x 14 d KOP |
| | Rx Benzoyl Peroxide 10% gel - as directed q d x 30 |
| | Rx Selenium Sulf 2.5% d q pm appl 1 ml Q 2d x 3 |
| | Rx Triamcinolone 0.025% oint apply 1 gm top oint x 7d KOP   oh Skully |

Please sign each entry with status.

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JU
### INSTITUTIONAL DIVISION

Name: _Tony Thomas_

TDCJ No.: _378779_

Unit: _LH_

| Date & Time | Notes |
|---|---|
| 11/28/00 0900 | T 98² P 63 BP 127/63 WT. 168 Renew meds _JCo?_ |
| | O: Scalp much improved small folliculus eesig noninflammat |
| | A: Folliculitis |
| | P: Triamcin 0.025% oint BID × 70 |
| | Benzoyl peroxide gel BID × 300 KOP |
| | Selsun qod × 300 KOP |
| | QI TAO 3d × 14 D KOP |
| | Admin care RN per SCR _Shull_ |
| 12/1/00 | SCR #591  Rx refill — _Lamb_ |
| RX | Triamcenolone 0.025% oint 1gm top oin |
| | bid × 7d - KOP |
| RX | Triamcinolone 0.1% apply 1gm top cum B |
| | qd × 4d - KOP       sh _Shull_ |
| 12-11-00 | SCR #836  I m request Triamp, also |
| 2005 | Triamcenalone & rec in Chatton firing |
| RX | Triamcinolone - 0.025% oint, app |
| | from F typ oint BID for 7 days KOP |
| | ad _Shull_ |

Please sign each entry with status.

HSM - 1 (Rev. 5/92)

# CLINIC NOTES

## TEXAS DEPARTMENT OF CRIMINAL JU
## INSTITUTIONAL DIVISION

Name: _Tory Thomas_

TDCJ No.: _378779_

Unit: _____

| Date & Time | Notes |
|---|---|
| 10-30-00 | 0830- Sc# 1924 request refills - fill 3/a |
| | Erythromycin 500- 1 po Q.i.d x 14 days NC |
| | Triamcinolone .1% - apply bid - KOP |
| | Selenium Sulf 2.5- apply 1 ml q 3 days ✓ |
| | KOP |
| | Benzoyl peroxide 10% apply bid - KOP Skilly |
| 11-6-00 | 1200    SCR # 307   Im request Refi |
| | RX Erythromycin 500mg - Ɛ̄ q.i.d x 14 days - KOP ⇒ |
| 11/13/00 | 0855 SCR # 658 RX - Chart to Dr _____ I Cope L |
| | RX Triamcinolone O.1% crm - apply 1 gm to op crm B1 |
| | x 14 / KOP            ek |
| 1/14 | RX Erythromycin 500mg - 1 tab Q1 PX 14 d KOP Skilly |
| 11/17/00 | 0700 Annual CID chart review - TB class II pt that has completed |
| | adequate CPX - tetanus current - wt .170 - Vis 98.4 - 57 - 167/7 |
| | PPD due 2001                      Vi.del. LVN |
| 11/18/00 | SCR # 955   RX refill - Bane Kum |
| | RX Erythromycin 500mg - q.i.d /14 days KOP |
| 11/22/00 | SCR # 102 Im request to see PA for refi |
| | on antibiotics Exp. NSC - Bane L. |
| 11/22/00 | 1810 See for NSC to renew antibiotic states ha |
| | had problem x 2 yrs Ɛ̄ hair follicles. MD/PA |
| | Clinic |
| | I Cope L |

Please sign each entry with status.

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JU:
### INSTITUTIONAL DIVISION

Name: _Doug Thomas_

TDCJ No.: _0378777_

Unit: _LH_

| Date & Time | Notes |
|---|---|
| 10-9-00 | PA   T 98.3   P 60   BP 158/76   w/1 |
| 10 15 | Bumps to Scalp! _____ |
|  | ① TCN sometimes helps |
|  | O Scalp multiple papules - small |
|  | ~ 1-2mm |
|  | A: Folliculitis scalp |
|  | P: D/C TCN   Rx Erythromycin 500mg ①/c |
|  | Triamca 0.1% Cm  BID x 7 ① |
|  | Advised care       TAO x 100 |
|  | RTC prn SCR |
|  | Sel Selenium shampo gel x 30 |
| 10-12-00 | 0700 wt       cont p       BIP |
|  | SCR # 737 - request refill Rx |
|  | Triamcinolone .1% apply BID x 14 days |
|  | Rcr |
|  | 10-20-00 | SCR #1257 request for well res |
| 10 30 | chart to MD |
|  | Rx: Triamcinolone 0.1% crm BID x |

Please sign each entry with status

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JU
## INSTITUTIONAL DIVISION

**Name:** Day, Thomas

**TDCJ No.:** 378779

**Unit:** LH

| Date & Time | Notes |
|---|---|
| 9/20/00 0540 | CR#1388 Rx. Chart to Dr ———— 1 Copy |
| | Rx TAO qd x14d KOP |
| | Rx Tetracycline 500mg~1cap BID X30d-KOP |
| | Rx Benzoyl Peroxide 10% gel-as directed BID x3 |
| | oh Skelly |
| | ENTERED IN COMPUTER |
| 10/3/00 0830 | Scc#16_7/MCG " Continuing problem in my head bumps, bleeding and itching ___ Nurse NSC ___ nkend |
| 10/3/00 1900 | NSC³ I/m here č c/o severe itch on scalp sorensa č bumps. I/m verbalized h he used valisons 8/99, and it helped clear these 5 bumps and it seems his current O Tx he stated is no longer working. O V 15%/93 80 R 18. I/m has several bumps an sca O weeping n bleeding noted A) as above. P) I/m referred to M/A-PA clinic ———— S M |

Please sign each entry with status.

0029

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JU-
## INSTITUTIONAL DIVISION

**Name:** Tory, Thomas

**TDCJ No.:** 378779

**Unit:** LH

| Date & Time | Notes |
|---|---|
| 8/16/00 0600 | SCR# 1539 Rx Chart ☑ ———— ↑ Cope ♀ |
| | Rx TCN 500 mg BID X 30d KOP    ND "NSC why?" |
| | S. Pullen |
| 8/17/00 1130 | IM scheduled for MD/PA clinic for refill of TCN ———— ↑ Cope ♀ |
| 8-22-00 0555 | SCR# 1930 IM c/o "recurring problems in head. Bumps bleeding and hair loss" Response NSC ———— J Barrington |
| 8-23-00 0830 | PA  T 98.9  P 65   BP 157/94  wt ↑ |
| | C/o acne ———— B Amonkos ♀ |
| | no acne   TCN came help |
| | O: Scalp multiple papular lesion no exudate |
| | A: Folliculitis scalp |
| | P: TCN 500 mg  BID X 30d KOP |
| | TAO  gel x 14d  KOP given ⊗ |
| | Benzoyl peroxide gel BID X 30d |
| | RTC prn SCR ———— S. Pullen |
| 8-26-00 1440 | DWA completed  E Baza ———— |

## TDCJ HEALTH SERVICES DIVISION
## NURSE'S CHAIN REVIEW

NAME: _Dory Thomas_  TDCJ#: _378779_

**I. OUTGOING CHART REVIEW**  Date_____ Time_____ Facility_____
Transfer to: _____ Allergies:_____
Method and time of travel appropriate:  YES ☐  NO ☐
Date last PPD ☐ / CXR ☐ _____ X-Rays sent:  YES ☐  NO ☐  N/A ☐
Current Med Pass on chart:  YES ☐  NO ☐  **DOT:**  YES ☐  NO ☐  Meds sent:  YES ☐  NO ☐  N/A ☐
Health Problems:  Medical ☐  Dental ☐  Mental ☐
Special Diet: _____
Treatment/Preps: _____

Housing Restrictions: _____  Discipline Restrictions:  YES ☐  NO
Crutches ☐  Cane ☐  Walker ☐  Wheelchair ☐  Other ☐ _____
Pending Appts. / Follow-ups: _____
Special Instructions given to transport personnel:  YES ☐  NO ☐  N/A ☐
Nurse Signature/Date/Time _____

**II. ENROUTE CHART REVIEW**  Date_____ Time_____ Facility_____
Allergies: _____
On Meds:  YES ☐  NO ☐  **DOT:**  YES ☐  NO ☐  Meds sent:  YES ☐  NO ☐  N/A ☐
Housing Restrictions: _____  Discipline Restrictions:  YES ☐  NO ☐
Treatment / Preps: _____

New Orders: _____
_____
_____ New Medications On Computer:  YES ☐  NO ☐
Pending Appointments: _____ Chart for Review to:  CID ☐  Mental Health ☐  Dental
Additional Comments: _____

Nurse Signature/Date/Time _____ Physician/Physician Extender Signature/Date/Time_____

**III. FACILITY OF ASSIGNMENT:**  Date _8-15-00_  Time_____ Facility _LH_
**DOT:**  YES ☐  NO ☐  Allergies: _U KDA_
Health Diagnoses: _____

| Meds: | | Rec'd | ☐ | Exp'd | ☐ | MD Reorder |
|---|---|---|---|---|---|---|
| _None_ | | | ☐ | | ☐ | |
| | | | ☐ | | ☐ | |
| | | | ☐ | | ☐ | |
| | | | ☐ | | ☐ | |
| | | | ☐ | | ☐ | |
| | | | ☐ | | ☐ | |
| | | | ☐ | | ☐ | |
| | | | ☐ | | ☐ | |

Treatments /Special Care / Follow-up / Diet / Appointments:
_____
_____

Chart for Review to:  CID ☑  Mental Health ☐  Dental ☐  Add to Chronic Clinic:  YES ☑  NO ☐
Restrictions:  Housing _____
Work   (III) #'s _____ Discipline Restrictions:  YES ☐  NO ☐
Nurse Signature/Date/Time _____
Physician/Physician Extender Signature/Date/Time _____ _8/16/00_ _____

HSN -1 (rev. 12/99)

**CLINIC NOTES**
TEXAS DEPARTMENT OF CRIMINAL JU-
**INSTITUTIONAL DIVISION**

Name: _Dory, Thomas_
TDCJ No.: _37 87 79_
Unit: _CR_

| Date & Time | Notes |
|---|---|
| 8/11/00 1015 | S: HSA9 recured on 8/11/00 S/ "I had a prescription for tetracycline and triple antibiotic ointment. It was expired." |
| | P: Seen 8/7/00. Skin not emergent. Teach Keep face clean with soap and water twice. A&C @ followup appointment as arranged. No indication for triple antibiotic ointment. ____ W. m. lee |

Please sign each entry with status

0033

**TDCJ HEALTH SERVICES DIVISION**
**NURSE'S CHAIN REVIEW**

NAME: Doty, Thomas                                    TDCJ#: 37879

**I. OUTGOING CHART REVIEW**          Date_____ Time _____ Facility _____
Transfer to: _____                    Allergies: _____
Method and time of travel appropriate: YES ☐  NO ☐
Date last PPD ☐ / CXR ☐ _____ X-Rays sent: YES ☐  NO ☐  N/A ☐
Current Med Pass on chart: YES ☐ NO ☐     DOT: YES ☐  NO ☐     Meds sent: YES ☐  NO ☐  N/A ☐
Health Problems: Medical ☐  Dental ☐  Mental ☐
Special Diet: _____
Treatment/Preps: _____

Housing Restrictions: _____          Discipline Restrictions: YES ☐  NO ☐
Crutches ☐  Cane ☐  Walker ☐  Wheelchair ☐  Other ☐ _____
Pending Appts. / Follow-ups: _____
Special Instructions given to transport personnel: YES ☐  NO ☐  N/A ☐
Nurse Signature/Date/Time _____

**II. ENROUTE CHART REVIEW**          Date 8/10/10  Time 0855  Facility Ctv
Allergies: NKDA
On Meds: YES ☐  NO ☑          DOT: YES ☐  NO ☑     Meds sent: YES ☐  NO ☐  N/A ☐
Housing Restrictions: _____          Discipline Restrictions: YES ☐  NO ☑
Treatment / Preps: _____

New Orders: _____
_____
_____                          New Medications On Computer: YES ☐  NO ☐
Pending Appointments: _____     Chart for Review to: CID ☐  Mental Health ☐  Dental
Additional Comments: _____
Nurse Signature/Date/Time _____     Physician/Physician Extender Signature/Date/Time _____

**III. FACILITY OF ASSIGNMENT:**          Date_____ Time _____ Facility _____
DOT: YES ☐  NO ☐                    Allergies: _____
Health Diagnoses: _____

| Meds: | Rec'd | Exp'd | MD Reorder |
|---|---|---|---|
| _____ | ☐ | ☐ | |
| _____ | ☐ | ☐ | |
| _____ | ☐ | ☐ | |
| _____ | ☐ | ☐ | |
| _____ | ☐ | ☐ | |
| _____ | ☐ | ☐ | |
| _____ | ☐ | ☐ | |
| _____ | ☐ | ☐ | |

Treatments /Special Care / Follow-up / Diet / Appointments: _____
_____

Chart for Review to: CID ☐  Mental Health ☐  Dental ☐     Add to Chronic Clinic: YES ☐  NO ☐
Restrictions:  Housing _____
          Work  (III) #'s _____     Discipline Restrictions: YES ☐  NO ☐
Nurse Signature/Date/Time _____
Physician/Physician Extender Signature/Date/Time

# CLINIC NOTES
TEXAS DEPARTMENT OF CRIMINAL JU-
## INSTITUTIONAL DIVISION

**Name:** Thomas, Tony

**TDCJ No.:** 378779

**Unit:** DU - I

| Date & Time | Notes |
|---|---|
| 8/3/00 | C SCR c̄/o " need RX for Benz Peride & Tetnycline — Adm pt to F/U @ UOA / Belinard RN |
| 8/7/00 | S.C.R. c̄ Follicules – meds expira 5.97 ⊙ No skin exceptions noted on 73, 14, or scalp ⊙ - 2½ mm flakes forming in sc /20/72 After Health seen in belonier. ↑ RefR LC Follow-up UOA — |
| 38-2-00 0762 | CHART REVIEW DONE for E &d         D. WALKER |

Please sign each entry with status.

0034

# TDCJ HEALTH SERVICES DIVISION
## NURSE'S CHAIN REVIEW

NAME: _Tory Thomas_      TDCJ#: _378779_

### I. OUTGOING CHART REVIEW    Date _7/27/00_   Time _1830_   Facility _BX_

Transfer to: _DU 78 + 1D TRANS 2 LIST/CR_ Allergies: _NKDA_

Method and time of travel appropriate: YES ☑ NO ☐

Date last PPD ☑ / CXR ☐ _10/8/98_     X-Rays sent: YES ☐ NO ☐ N/A ☑

Current Med Pass on chart: YES ☑ NO ☐   DOT: YES ☐ NO ☑   Meds sent: YES ☑ NO ☐ N/A ☐

Health Problems: Medical ☑ Dental ☐ Mental ☐

Special Diet: _Regular_

Treatment/Preps: _Chronic Care Clinic (HTN)_

Housing Restrictions: _None_      Discipline Restrictions: YES ☐ NO

Crutches ☐ Cane ☐ Walker ☐ Wheelchair ☐ Other ☐ _N/A_

Pending Appts. / Follow-ups: _N/A_

Special Instructions given to transport personnel: YES ☐ NO ☐ N/A ☑

Nurse Signature/Date/Time _K. Hobzen / 7/27/00 1830_

### II. ENROUTE CHART REVIEW    Date _7/31/00_   Time _1310_   Facility _DU_

Allergies: _NKA_

On Meds: YES ☑ NO ☐    DOT: YES ☐ NO ☑   Meds sent: YES ☐ NO ☐ N/A ☑

Housing Restrictions: _0_      Discipline Restrictions: YES ☐ NO

Treatment / Preps: _0_

New Orders: _0_

New Medications On Computer: YES ☐ NO ☑

Pending Appointments: _0_    Chart for Review to: CID ☐ Mental Health ☐ Dental

Additional Comments: _0_

Nurse Signature/Date/Time _____ 7/31/00 1310   Physician/Physician Extender Signature/Date/Time _____

### III. FACILITY OF ASSIGNMENT:   Date _____ Time _____ Facility _____

DOT: YES ☐ NO ☐      Allergies: _____

Health Diagnoses: _____

| Meds: | | Rec'd | | Exp'd | | MD Reorder |
|---|---|---|---|---|---|---|
| _____ | | ☐ | | ☐ | | |
| _____ | | ☐ | | ☐ | | |
| _____ | | ☐ | | ☐ | | |
| _____ | | ☐ | | ☐ | | |
| _____ | | ☐ | | ☐ | | |
| _____ | | ☐ | | ☐ | | |
| _____ | | ☐ | | ☐ | | |
| _____ | | ☐ | | ☐ | | |

Treatments /Special Care / Follow-up / Diet / Appointments:

_____

Chart for Review to: CID ☐ Mental Health ☐ Dental ☐   Add to Chronic Clinic: YES ☐ NO ☐

Restrictions: Housing _____

        Work (III #'s _____   Discipline Restrictions: YES ☐ NO ☐

Nurse Signature/Date/Time _____

Physician/Physician Extender Signature/Date/Time _____

HSM-1 (rev. 12/99)      0035

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JU
## INSTITUTIONAL DIVISION

**Name:** Tery, Thomas

**TDCJ No.:** 378779

**Unit:** Bx

| Date & Time | Notes |
|---|---|
| 7/27/00 1830 | Chain out from Bx to DU 78 * ID TRA 2 LIST / CR  H8N-1 completed  K. Habram / K.H |

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JU
## INSTITUTIONAL DIVISION

Name: _Thomas Tory_

TDCJ No.: _378779_

Unit: _BX_

| Date & Time | Notes |
|---|---|
| 6/2/00 1645 | NSCA# 697299  6/1/00  S) Pt. c/o Med Renewal <br> o. wt 166   T. 99.1   P. 66   R. 18   B/P 122/ <br> A- Request Tetracycline, Benzoyl Peroxide Renewal.  P- Refer Chart to PA for approval or Denial- — EArmstrong LVN |
| 6/5/00 05:33 | 1) TCN 500mg BID x 30 days.  ⎫ KOP <br> 2) Benzoyl Peroxide 10% BID x 30 days. ⎭ <br> C. Vega  CARMELO C. VEGERANO PA <br> noted 6-5-00  13:45  EAcosta LVN |
| 7/3/00 0815 | S: Requests renewal of antibiotic <br> O/A 97.7   148/94   58   18 <br> P- RA 7/6/00 appt — Jmyerskd <br> P: Chart referred to PA — Jmyerskd PA |
| 7/5/00 0910 | 1) TCN 500mg BID x 30 days.  ⎫ KOP <br> 2) Benzoyl Peroxide 10% BID x 30 days. ⎭ <br> C. Vega  CARMELO C. VEGERANO PA <br> noted 7-5-00  12:50  EAcosta LVN |

Please sign each entry with status.

HSM - 1 (Rev. 5/93)

0037

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JU·
## INSTITUTIONAL DIVISION

**Name:** TORY, THOMAS

**TDCJ No.:** 718199

**Unit:** B7

| Date & Time | Notes |
|---|---|
| 3.28.00 12:00 | Rx: Ibuprofen 600g x #9. 1 TFAY 3 days PRN PAIN _(signature)_ KEN VAN DE WALLE, DDS |
| 4-4-00 1:00 | NSCA # 905678-99 on 4-2-00 c request med renew no allow for NSC AM _(signature)_ A. GUAJARDO, LVN |
| 4/4/00 | HMO SCR# 905678 4/2/00 Rx renewal request follows: ① TCN 500mg caps ② Benzoyl Peroxide Chart routed to PA Vegerano _(signature)_ A. GUAJARDO, LVN |
| 4/5/00 1:00 | ③ TCN 500mg BID x 30 days. } KOP ④ Benzoyl Peroxide 10% BID x 30 days. } _(signature)_ CARMELO C. VEGERANO PA Noted 4/5/00 _(signature)_ |
| 5-1-00 5/1/00 X30 | NSCA # 4570-99 on 4-28-00 c request med re. wt 170 T 97.9 P 69 R 18 B/P 126/72 A. Tetracycline Benzoyl Peroxide renewal P. Refer chart to PA for approval or denial of meds. _(signature)_ LVN |
| 5/2/00 | ③ TCN 500mg BID x 30 days. } cap ④ Benzoyl Peroxide 10% BID x 30 days } _(signature)_ CARMELO C. VEGERANO PA _(signature)_ K. HABY, LVN |

Please sign each entry with status.

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JU
## INSTITUTIONAL DIVISION

**Name:** _Tony Thomas_

**TDCJ No.:** _378779_

**Unit:** _BL_

| Date & Time | Notes |
|---|---|
| 2-29-00 0647 | S NSC apt 22850 1971099  P/O called Went to Law Library<br>O/A  T    P    P    n    mt.  C<br>P |
| 2-29-00 11:05  pen given CSP BA | S NSC apt op wants Benzoyl Peroxide & Tetra<br>O/A  T 98' w/p 162/68 P 61    R 18 wt 165    c<br>P  that to OA for OK    Gloster LVN |
| 2/29/00 | P= ✓ ① CSP x 90 days.  possible w/penic 2/29/00<br>② TCN 500mg 〒 BID x 30 days.  } cont<br>③ Benzoyl Peroxide 10% BID x 30 days. |
| 11:55 | A. Guajardo, LVN  CVay  CARMELO C. VEGERANO PA<br>A. GUAJARDO, LVN 1345<br>2/29/00 |
| 3/21/00 2135 | NSC# 1320199  3/21/00 S) Pt  do med renew.<br>O-wt-168  T-98.3  P-67    R-18    B/P 142/76<br>A- Request refill Tetracycline and Benzoyl Per<br>P- Check pill number for meds, if not then<br>resubmit request    Evans LV |
| 3-28-00 1c7 c | Rx:  AB Rx For  SBE<br>AMOXICILLIN  500 TX 4 STR |

Please sign each entry with status.    KEN VAN DE WALLE, DO

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JU
## INSTITUTIONAL DIVISION

Name: _Tony, Thomas_

TDCJ No.: _378079_

Unit: _BX_

| Date & Time | Notes |
|---|---|
| 1/17/00 0755 | S: RX Renew Fluocinonide, TCN, Benzoyl Peroxide O/A deferred<br>P: Refer chart to PA gmyers |
| 1/18/00 | Ref 11: No Benzoyl Peroxide 10% BID x 30 days. ⎤ KO<br>No TCN 500mg BID x 30 days. ⎦<br><br>Carmelo C. Vegerano PA<br><br>Mailed 1/18/0 @ 1355 — M. Hale<br>M. Hale |
| 2/9/00 | S: Sports injury<br>O/A: Laceration 1/8" @ eyelid<br>155/85  59  20  150  98.8<br>P: PA VO to Steri strip gmyerts |
| 2/19/00 1815 | SC #191688-99 for Q "med renewal" & show for NSC<br>M. Hailcomf LV |
| 2/23/00 | RSC Ref #19259-99 (2-21-00) S/O—Req med renewal.<br>No show to NSC as scheduled for today. Will be rescheduled — |

Please sign each entry with status

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JUS
## INSTITUTIONAL DIVISION

**Name:** Tory Thomas

**TDCJ No.:** 378779

**Unit:** B4

| Date & Time | Notes |
|---|---|
| 12/13/99 10:25 | S = 7 hr a ® eye brow laceration. |
| | O = Superficial laceration to ® eye brow. |
| | Ø edema. non erythema. |
| | A = Superficial laceration. |
| | P = (1) Steri - strips every other day until heals. |
| | ②Doxy ff® Supply c̄ 1 Band-AID daily x 5 day. |
| | ③ Keep area clean p̄ dry. |
| | 1305 eep |
| | noted gniyeus 12/13/99   CARMELO C. VEGESANG PA |
| 12/23/99 0830 | S SCR#1356 12/22/99 Rx renewal |
| | O 97.9, B/P 130/95, P6 R16 wt 165 |
| | A No distress, A&O+3 — Requesting Rx renewal |
| | P Client routed to PA Vegano for Rx renewal request ; ① Benzayl Peroxide 10% BID x30days -KOP ② TCN 500mg c̄ eye BID x30 KOP edygnale |
| 12/23/99 | ① Benzayl Peroxide 10% BID x 30 days. ② TCN 500mg BID x 30 days.   KOB CARMELO |

K4F3/K113

**CLINIC NOTES**
TEXAS DEPARTMENT OF CRIMINAL JUS
**INSTITUTIONAL DIVISION**

Name: Tory, Thomas
TDCJ No.: 378779
Unit: BK

| Date & Time | Notes |
|---|---|
| 12/12/99 1410 | (S) S/P altercation c̄ |
| PA page | other I/m. no weapo |
| 14:12 | (O) V/s: |
|  | (A) 1½" lac. to (L) eyebr |
|  | run deep. Mild to mo |
|  | bleeding. |
|  | (P) PA on call. notifie |
|  | V.O. per PA Yezerano |
|  | 1) Cleanse area well c̄ Beta |
|  | 2) apply Steristrips to close |
|  | apply dressing. |
|  | 3) Keflex 500mg PO BID x 7d |
|  | 4) RTC in AM for PA app |
|  | S.Wicks |
| 12/13/99 1015 | (S) PA appt. for follow up |
|  | on (L) eyebrow lac. |
|  | (O) Steristrips intact. |
|  | (A) Deferred |
|  | (P) PA appt this AM. S.W |

0042

# CLINIC NOTES
TEXAS DEPARTMENT OF CRIMINAL JU
### INSTITUTIONAL DIVISION

**Name:** _Tony Thomas_

**TDCJ No.:** _378779_

**Unit:** _Pa_

| Date & Time | Notes |
|---|---|
| 11/18/99 | 0800   97.6   155/94   91   20 |
| | S: Follow up Folliculitis °/A Defered P-PT Appt 11/20/99 gmyers |
| 11/22/99 0715 | S- Here for C/o Folliculitis |
| | O-Wt-165   BP- 152/80   P- 63   R-18   T-97° |
| | R/f-1000 n PR Appt today |
| 11/22/99 | Rx refill: |
| | PCN 500mg Ŧ BID X 30 days. KOB. |
| 07:20 | Benzoyl Peroxide 10% BID X30 days. KOP. |
| | Fluocinonide 0.05% BID X 14 days. KOB |
| | C (signature) |
| | CARMELO C. VACERANG, P.A. |

Case 1:00-cv-00051   Document 48   Filed in TXSD on 01/03/2002   Page 64 of 71

# CLINIC NOTES
## TEXAS DEPARTMENT OF CRIMINAL JU
## INSTITUTIONAL DIVISION

Name: Tony Thomas

TDCJ No.: 378779

Unit: BC          (K2-E5)

| Date & Time | Notes |
|---|---|
| 10/19/99 1230 | No show NSC. — Evans LVN |
| 10/20/99 | NSCA (Ref# N/A 53 10/18/99) ⇒ Pt. c/o scalp |
| | O/A: wt. 162  T 98²  P. 67  R. 18  B/P 14? |
| Call Down | Bumps to scalp. No pus or drainage at pr |
| | P. PA 10/25/99 0700. — Evans |
| 10/21/99 | HSM 45 completed for annual CXR Gonzales |
| 10-26-99 | PA apt c/o Rash to head |
| 0800 | O  T 97¹ ∅ 130/72 P 59 R 18 rb 162 |
| | A as above  K4 for Prob __ no other __ |
| | P PA apt Poly |
| 10/26/99 | Scalp rash. |
| | O = Numerous small no. pustular lesions a |
| | scalp / face areas. |
| | A = Folliculitis. |
| 08:30 | P = ① CSP x 90 days. |
| | ② Coal-tar shampoo  q od x 30 days. KoP. |
| | ③ TCN  500mg  BiD  x 30 days. KoP |
| | ④ Hydrocortisone 1% cream BiD x 10 days, K? |
| | C Vege |
| | CARMELO C VEGERANO |
| | noted 10-26-99 @ 0947 |

0044

1 each entry with status.

**Name:** Tony, Thomas Titus Jr.

**TDCJ No.:** 378779

**Unit:** Dominguez State Jail

# CLINIC NOTES

TEXAS DEPARTMENT OF CRIMINAL JU

NURSE'S INCOMING CHAIN REVI

| | |
|---|---|
| DATE ENTERED TDCJ: 10/8/98 | DATE RECEIVED THIS UNIT: 10/14/99 |

IMMUNIZATIONS: D/T DATE: 10/8/98   SKIN TEST PPD: DATE: 10/8/98   RESULTS: By History

TB   PROPHYLAXIS?   ☐ YES   ☐ NO   DATE STARTED:
DATE TO COMPLETE:

TB   TREATMENT?   ☐ YES   ☐ NO   DATE STARTED:
DATE COMPLETED:

SEROLOGY DATE: 10/13/98   RESULTS: NR   HIV: ☐ NOT TESTED   ☐ REACTIVE   ☐ NONREACTIVE

| CHRONIC ILLNESS/DISABILITIES/CHRONIC CLINICS | HSM-18 AND MPL WERE REVIEWED FOR COMPLETION AND ACCURACY? ☐ Yes ☐ N | | | | | |
|---|---|---|---|---|---|---|
| HTN ? | | P | U | L | H | E | S |
| TB Class II - Ø meds. | | 3 | 1 | 1 | 1 | 1 | 1 |
| Age 43 | | ε | A | A | A | A | A |
| | | P | | | | | |

TREATMENT/SPECIAL CARE/FOLLOW-UP/DIET/APPOINTMENT(s)

AUDIOLOGY: CLASS:

OPHTHALMOLOGY: VA: OD 20/25 OS 20/25 GLASSES.   TEST/RETEST:

MEDICATIONS RECEIVED FROM SENDING UNIT? ☐ YES   ☐ NO

ALLERGIES: 1. NKDA   2.   3.   4

MEDICATION ORDERS:

1. Betameth. Val Ointment apply BID   6.
2. Betameth Val Lot apply to Scalp daily.   7.
3.   8.
4.   9.
5   10.

LIMITATIONS:

WORK. Ø

DISCIPLINE: Ø   HOUSING: Ø   BUNK: Ø

NURSE'S SIGNATURE: G. Schofield R.N.   DATE/TIME 10/14/99 @ 1550
Director of Nurses

PHYSICIAN'S SIGNATURE:   DATE/TIME: 10/19/99

HSN 1 Front (Rev 12/93)

Case 1:00-cv-00051   Document 48   Filed in TXSD on 01/03/2002   Page 66 of 71



# PROGRESS NOTES

ALLERGIES: NKDA                                                    SITE: WILLACY

| DATE/TIME | Inmate Name: Tony Thomas # 308779   DOB: 1 14 55 |
|---|---|
| 8-6-99 | 1052   NSC 7273 - Scalp irritation |
|  | Wt 165  B/P 170/110  P 60  R 18  T 97.8 |
|  | S. Hx dermatitis of scalp. |
|  | O. Dermatitis. |
|  | A. same. |
|  | R. Tetracycline 250°  TID x month 30 d |
|  | Valisone ointment · 1%, Apply Bid |
|  | x 30 D ₹ ? |
| 8-6-99 | 1128 noted R. Almanza RN pass given copy to pharmacy |
| 8-6-99 | 1155 Verified D. SPelan RN |
| 8-21-99 | Transferred to McConnell Unit due to Hurricane Bret |
| 8-23-99 | Returned to Willacy unit c 1700  Alexander RN |
| 9/9/99 | Wt 165   140/90   9n4   (76) 18 |
| 0800 A | |
|  | S. Pt wants Valisone scalp lotion |
|  | written for ... for seborrhea derma... |
|  | O. Hx seborrheic dermatitis of scalp |
|  | R. Valisone lotion  Apply Bid x 30 D x 2 |
| 9-9-99 | 0818 noted K. Almanza RN   pass not needed. |
| Verified 9/9/99 0915 K. Pispt |
| 9-20-99 | S) 44 y/o b male s/p assault... Offender states |
| 0300 | "I was asleep in bed" when I was attacked, I think |
|  | they hit my head with a can of jack mack." Denies |
|  | L.O.C.  c/o headache.  c/o R. rib pain states "I was kicked |
|  | O) 4/5 150/100  9613  130  20  wt 163#  laceration 4cm |
|  | linear to right parietal scalp area. Abd: No ecchy... |
|  | to (R) abdomen/rib area. No swelling. BS active non-tender |
|  | on palpation. (L) shin area - superficial abrasion No |
|  | active bleeding. PERRLA. Alert conversive... Alert + |
|  | oriented X 3. |
|  | A) alt skin integrity RT lac. to (R) parietal area stress |
|  | P) (1) wash/debride wd c H₂O betadine, shave |
|  | wound (hair around wound) apply steri-strips X 6. |
|  | wound well approximated. |
|  | (2) Schedule pt MD next evaluation today 9/20/99 |

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
HEALTH SUMMARY FOR CLASSIFICATION

NAME: TORY,THOMAS TITUS JR
TDCJ#: 00378779   SID#: 03354773
UNIT: LH        HOUSING: D-1-12T
JOB: BROOM SQUAD 3RD

DOB: 01/04/1955
WGT: 150 LBS
HGT: 5'09"

P U L H E S
--------------
|3|1|1|1|1|1|
|E|A|A|A|A|A|
|P| | | | | |
--------------

I.  UNIT OF ASSIGNMENT (CHECK ONE)
  X  A. NO RESTRICTION
  ___ B. REGIONAL MEDICAL FACILITY
  ___ C. EXTENDED CARE FACILITY
  ___ D. PSYCHIATRIC CARE FACILITY

  ___ E. BARRIER-FREE FACILITY
  ___ F. SINGLE LEVEL FACILITY
  SUITABLE FOR TRUSTEE CAMP ASSIGNMENT?X
  SUITABLE FOR SAIP FACILITY?        X

II. HOUSING ASSIGNMENT
A. BASIC HOUSING (CHECK ONE)
  X  1. NO RESTRICTION
  ___ 2. SINGLE CELL ONLY
  ___ 3. DOUBLE CELL ONLY
  ___ 4. SPECIAL HOUSING (HOUSING WITH
        PATIENT WITH LIKE MEDICAL CONDITION
  ___ 5. CELL BLOCK ONLY

B. BUNK ASSIGNMENT (CHECK ONE)
  X  1. NO RESTRICTION
  ___ 2. LOWER ONLY

C. ROW ASSIGNMENT (CHECK ONE)
  X  1. NO RESTRICTION
  ___ 2. GROUND FLOOR ONLY

III.WORK ASSIGNMENT/RESTRICTIONS (CHECK ALL THAT APPLY)
  ___ 1. MEDICALLY UNASSIGNED
  ___ 2. PSYCHIATRICALLY UNASSIGNED
  OO  3. SEDENTARY WORK ONLY
  ___ 4. FOUR HOUR WORK RESTRICTION
  ___ 5. FOUR HOUR LIMITED WORK RESTRICTION
  ___ 6. EXCUSE FROM SCHOOL
  ___ 7. LIMITED STANDING
  ___ 8. NO WALKING > ____ YARDS
  ___ 9. NO LIFTING > ____ LBS.
  ___ 10.NO BENDING AT WAIST
  ___ 11.NO SQUATTING
  ___ 12.NO CLIMBING
  ___ 13.LIMITED SITTING
  ___ 14.NO REACHING OVER SHOULDER

  ___ 15.NO FOOD SERVICE
  ___ 16.NO REPETITIVE USE OF HANDS
  ___ 17.NO WALKING ON WET UNEVEN SURFACE
  ___ 18.DO NOT ASSIGN TO MEDICAL
  ___ 19.NO WORK IN DIRECT SUNLIGHT
  OO  20.NO TEMPERATURE EXTREMES
  ___ 21.NO HUMIDITY EXTREMES
  ___ 22.NO EXPOSURE TO ENVIRONMENTAL POL
  ___ 23.NO WORK WITH CHEMICALS OR IRRITA
  ___ 24.NO WORK REQUIRING SAFETY BOOTS
  ___ 25.NO WORK AROUND MACHINES WITH MOV
  ___ 26.NO WORK EXPOSURE TO LOUD NOISES
  ___ 27.NO WORK REQUIRING COMPLEX INSTRU

IV. DISCIPLINARY PROCESS (CHECK ONE)
  X  A. NO RESTRICTIONS
  ___ B. CONSULT REPRESENTATIVE OF MENTAL HEALTH DEPARTMENT BEFORE TAKING DISCIPLINARY
  ___ C. CONSULT REPRESENTATIVE OF MEDICAL DEPARTMENT BEFORE TAKING DISCIPLINARY ACTION

V.  INDIVIDUALIZED TREATMENT PLAN (CHECK ALL THAT APPLY)
  X  A. NO RESTRICTION
  ___ B. MEDICAL REPRESENTATIVE REQUIRED
                                          ___ C. PSYCH REPRESENTATIVE REQUIRED

VI. TRANSPORTATION RESTRICTIONS (CHECK ONE)
  X  A. NO RESTRICTION
  ___ E. EMS AMBULANCE
                                          ___ C. WHEELCHAIR VAN
                                          ___ D. VAN (SOUTHERN REGION ONLY)

FALLE,            MD        06/13/2001      _____
PRINTED NAME AND TITLE OF REVIEWER    DATE        SIGNATURE OF REVIEWER

HSM-18/770 ( 1 95)

0047

Case 1:00-cv-00051 Document 48 Filed in TXSD on 01/03/2002 Page 68 of 71

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
HEALTH SUMMARY FOR CLASSIFICATION

NAME: TORY,THOMAS TITUS JR
TDCJ#: 00378779   SID#: 03354773
UNIT: LH       HOUSING: D-1-13T
JOB: HOE SQUAD 01

DOB: 01/04/1955
WGT: 150 LBS
HGT: 5'09"

P U L H E S
---------------
|3|1|1|1|1|1|
|E|A|A|A|A|A|
|P| | | | | |
---------------

I.  UNIT OF ASSIGNMENT (CHECK ONE)
    X  A. NO RESTRICTION
    __ B. REGIONAL MEDICAL FACILITY
    __ C. EXTENDED CARE FACILITY
    __ D. PSYCHIATRIC CARE FACILITY

    __ E. BARRIER-FREE FACILITY
    __ F. SINGLE LEVEL FACILITY
    SUITABLE FOR TRUSTEE CAMP ASSIGNMENT?(Y)
    SUITABLE FOR SAIP FACILITY?        X /N

II. HOUSING ASSIGNMENT
A. BASIC HOUSING (CHECK ONE)
    X  1. NO RESTRICTION
    __ 2. SINGLE CELL ONLY
    __ 3. DOUBLE CELL ONLY
    __ 4. SPECIAL HOUSING (HOUSING WITH
          PATIENT WITH LIKE MEDICAL CONDITION
    __ 5. CELL BLOCK ONLY

B. BUNK ASSIGNMENT (CHECK ONE)
    X  1. NO RESTRICTION
    __ 2. LOWER ONLY

C. ROW ASSIGNMENT (CHECK ONE)
    X  1. NO RESTRICTION
    __ 2. GROUND FLOOR ONLY

III.WORK ASSIGNMENT/RESTRICTIONS (CHECK ALL THAT APPLY)
    __ 1. MEDICALLY UNASSIGNED
    __ 2. PSYCHIATRICALLY UNASSIGNED
    __ 3. SEDENTARY WORK ONLY
    __ 4. FOUR HOUR WORK RESTRICTION
    __ 5. FOUR HOUR LIMITED WORK RESTRICTION
    __ 6. EXCUSE FROM SCHOOL
    __ 7. LIMITED STANDING
    __ 8. NO WALKING : ___ YARDS
    __ 9. NO LIFTING : ___ LBS
    __ 10.NO BENDING AT WAIST
    __ 11.NO SQUATTING
    __ 12.NO CLIMBING
    __ 13.LIMITED SITTING
    __ 14.NO REACHING OVER SHOULDER

    __ 15.NO FOOD SERVICE
    __ 16.NO REPETITIVE USE OF HANDS
    __ 17.NO WALKING ON WET UNEVEN SURFACES
    __ 18.DO NOT ASSIGN TO MEDICAL
    30 19.NO WORK IN DIRECT SUNLIGHT
    30 20.NO TEMPERATURE EXTREMES
    __ 21.NO HUMIDITY EXTREMES
    __ 22.NO EXPOSURE TO ENVIRONMENTAL POLLUT
    __ 23.NO WORK WITH CHEMICALS OR IRRITANTS
    __ 24.NO WORK REQUIRING SAFETY BOOTS
    __ 25.NO WORK AROUND MACHINES WITH MOVING
    __ 26.NO WORK EXPOSURE TO LOUD NOISES
    __ 27.NO WORK REQUIRING COMPLEX INSTRUCTION

IV. DISCIPLINARY PROCESS (CHECK ONE)
    X  A. NO RESTRICTIONS
    __ B. CONSULT REPRESENTATIVE OF MENTAL HEALTH DEPARTMENT BEFORE TAKING DISCIPLINARY ACTI
    __ C. CONSULT REPRESENTATIVE OF MEDICAL DEPARTMENT BEFORE TAKING DISCIPLINARY ACTION

V.  INDIVIDUALIZED TREATMENT PLAN (CHECK ALL THAT APPLY)
    X  A. NO RESTRICTION
    __ B. MEDICAL REPRESENTATIVE REQUIRED

    __ C. PSYCH REPRESENTATIVE REQUIRED

VI. TRANSPORTATION RESTRICTIONS (CHECK ONE)
    X  A. NO RESTRICTION
    __ B. CMS AMBULANCE

    __ C. AIRCRAFT/AIR VAN
    __ D. VAN (SOUTHERN REGION ONLY

0048

TEXAS DEPARTMENT OF CRIMINAL JUSICE
HEALTH SERVICES DIVISION
INDIVIDUAL TREATMENT PLAN

INMATE NAME: _____
TDCJ#: _____
UNIT: _____
Clinic: _____ Date: 5-25-01

**SUBJECTIVE:**

Newly dx HTN. Wants low chol diet.

**OBJECTIVE:**
PHYSICAL FINDINGS:
Vital Signs: TEMP_____°F   P: 59/Min.   R:____/Min.   BP: 158/93   WT: 154 lbs.

Se labs 4-26-01.

DIAGNOSTIC TESTING: 10/98 - Chol 289 trig 139 LDL - 209.

**ASSESSMENT:** HTN.
Hyperlipidemia

**PLAN:** Trial Verapamil 180 ÷ PO qd x 30d KOP next
RF Triamcinalone 0.025% to rash bid x 14d KOP
Cont BP checks.

Diet: NAS, low chol x 90d

Exercise: Cont current.

Follow-up: 90d

**EDUCATION AND COUNSELING:**

Signature: _____   Stamp: S. Talley, M.D.



**TEXAS DEPARTMENT OF CRIMINAL JUSICE**
**HEALTH SERVICES DIVISION**
**INDIVIDUAL TREATMENT PLAN**

INMATE NAME: Troy, Thomas.
TDCJ#: 378779
UNIT: BY
Clinic: _____ Date: 11.10.99

**SUBJECTIVE:** 44 y/o B♂ who was diagnosed c̄ HTN X 1 yr. Self-discontinued medication ≈ 2 mths. ago. Does not desire any treatment c̄ present time, and will refused any treatment. States he is not suffering from HTN. Wants to sign a refusal treatment.
= Also: requests Rx renewal for scalp folliculitis.

**OBJECTIVE:**
PHYSICAL FINDINGS:
Vital Signs: TEMP: **97.5** °F   P: **60** /Min.   R. **20** /Min.   BP: **157/77**   WT. **166** lbs.
ENT= Numerous non-pustular scalp lesions. PFP.
Lungs= CTA.
CARD= NSR.
ABD= NBS ↓ abnormal sounds.

**DIAGNOSTIC TESTING:** Chol= 289 (oct 98)

**ASSESSMENT:** HTN (?) (Doubtful).

**PLAN:** (1) Signed a refusal treatment.
(2) Discontinue (DIC) from HTN clinic
(3) Continue meds as directed (TCN).
(4) ADD: Fluorin Fluosinonide 0.5% cream BiD X14 days. KOP 1t
(Lidex).

Diet: Regular

Exercise: Moderate

Follow-up: AS NEEDED

**EDUCATION AND COUNSELING:** HTN / complications / Risks

m.b. 11-10.99

Signature: Carmelo C. Vega

Stamp: _____ C. VEGA

0051