United States District Court
Southern District of Texas
FILED

JAN 2 3 2002

Michael N. Milby
Clerk of Court

5

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THOMAS TITUS TORY | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| R. ESCAMILLA, CORRECTIONAL | § | CIVIL ACTION B-00-051 |
| OFFICER | § | |
| Defendant | | |

### DEFENDANT R. ESCAMILLA'S MOTION TO
### QUASH PLAINTIFF'S MOTION FOR SUBPOENA
### OF DOCUMENTS AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES R. Escamilla, Defendant in the above referenced action, and files this, his Motion to Quash Plaintiff, Thomas Titus Tory's Motion for Subpoena of Documents pursuant to Federal Rule of Civil Procedure 45. In support thereof, Defendant would show the court as follows:

### I.
### INTRODUCTION

1.      On September 20, 1999, Plaintiff Tory participated in a disturbance with other inmates at the Willacy State Jail facility located near Raymondville, Willacy County, Texas. At the time of the disturbance, Plaintiff was confined as an inmate at the prison facility. Plaintiff alleges he was assaulted and injured by the other inmates in the disturbance. Following that incident, Plaintiff Tory filed this civil rights complaint *pro se* and *in forma pauperis* against Defendant R. Escamilla pursuant to 42 U.S.C. § 1983. In particular,

Plaintiff alleges Defendant Escamilla acted with deliberate indifference to the health, safety

and welfare of Plaintiff by failing to properly protect Plaintiff from harm inflicted upon him

by other inmates similarly confined in the Willacy State Jail.

      2.      On January 3, 2002, Plaintiff served his Motion for Subpoena of Documents

upon Defendant Escamilla, requesting Defendant produce all materials stipulated in the

subpoena within thirty (30) days.[1]

      3.      Defendant Escamilla asks the Court to quash Plaintiff's Motion for Subpoena

of documents.

## II.
## ARGUMENTS AND AUTHORITY

      4.      The Court may, upon timely motion, protect individuals subject to, or affectec

by, the subpoena of an opposing party by entering an order to quash or modify the subpoer

at issue.  Fed. R. Civ. P. 45(c)(3)(A).  Defendant Escamilla files this Motion to Qua:

Plaintiff's Motion for Subpoena of Documents prior to the date Defendant must respond

the subpoena of Plaintiff.  *See*; Fed. R. Civ. P. 45(c)(3)(A); *Winchester Capital Mgmt. Cι*

*Manufacturers Hanouver Trust Co.*, 144 F.R.D. 170, 175-176(D. Mass. 1992).

      5.      Defendant requests the Court quash the  Motion for Subpoena of documeι

Plaintiff for the following reasons:

      a.      The subpoena requires disclosure of privileged or protected material, a

---

[1] Defendant's Motion to Quash was prepared in the event Plaintiff's Motion is construed as a subpoena. De:
also filing a response to Plaintiff's Motion for Subpoena of Documents.

exception or waiver applies.  Fed. R. Civ. P. 45(c)(3)(A)(iii); *RE/MAX, Int'l,*

*Inc. v. Century 21 Real Estate Corp.*, 846 F. Supp., 910, 911 (D. Colo. 1994).

In his motion, Plaintiff asserts he has diligently attempted to acquire the

requested documents through Requests for Production and through a Motion to

Compel Discovery filed on September 22, 2001Defendant filed a response to

Plaintiff's Motion to Compel.  The Court subsequently entered an order

denying Plaintiff's Motion for Order Compelling Discovery on October 25,

2001 on the basis that Defendant was neither required to produce the

information subject to the request of Plaintiff or, in the alternative, that the

information requested was privileged from production.  (See Exhibit A).  In his

present motion, Plaintiff seeks disclosure of the same exact materials and

documents that were the subject of Plaintiff's Motion to Compel and the

Court's order of October 25, 2001..

b.     Plaintiff's Motion for Subpoena of Documents subjects Defendant to an undo

and unreasonable burden in accordance with Federal Rule of Civil Procedure

45(c)(3)(A)(iv) in that production of the material requested has been

previously denied by this Court and because many of the materials requested

are kept and maintained by the Texas Department of Criminal Justice and, or,

Wackenhut Corrections Corporation, Defendant's former employer.

c.     Plaintiff served his Motion for Subpoena of Documents directly upon

Defendant in violation of Federal Rule of Civil Procedure 45(b)(1) which requires that all subpoenas must be served upon opposing parties by an individual or entity not party to the underlying litigation.

## III.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant R. Escamilla prays that this Court grant his motion and quash Plaintiff's Motion for Subpoena of Documents. Further, Defendant prays for any other relief to which this Court deems he is justly entitled.

Respectfully submitted,

By: _____
**Linda M. Kearney**
Federal I.D. No. 18425
State Bar No. 00787811
PORTER, ROGERS, DAHLMAN &
GORDON, P.C.
One Shoreline Plaza
P. O. Box 2968
Corpus Christi, TX 78403-2968
(361) 880-5835 - Office
(361) 880-5844 - Fax

**ATTORNEYS FOR DEFENDANT,
ESCAMILLA, CORRECTIONAL
OFFICER**

# CERTIFICATE OF CONFERENCE

Plaintiff is an inmate at the Willacy State Jail facility located in Willacy County, Texas and, therefore, it is impractical to contact him regarding this motion and Defendant assumes plaintiff will oppose Defendant R. Escamilla's Motion to Quash Plaintiff's Motion for Subpoena of Documents.

Linda M. Kearney

W/ permission

# CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document has been forwarded by certified mail, return receipt requested to Thomas Titus Tory, Jester III Unit, Richmond, TX 77469 in accordance with Rule 5(d) of the Federal Rules of Civil Procedure, on the ___22___ day of January, 2002.

**Linda M. Kearney**

*w/ permission*

4.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**ORIGINA**

United States District Court
Southern District of Texas
ENTERED

**OCT 2 5 2001**

Michael N. Milby, ~~Clerk of Court~~
By Deputy Clerk

| | | |
|---|---|---|
| THOMAS TITUS TORY | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | CIVIL ACTION B-00-051 |
| WACKENHUT CORRECTIONS, | § | |
| CORPORATION, DAVID FORREST, | § | |
| R. ESCAMILLA, CORRECTIONAL | § | |
| OFFICER | § | |
|     Defendants | § | |

**ORDER DENYING PLAINTIFF'S MOTION FOR
ORDER COMPELLING DICOVERY**

BE IT REMEMBERED that on this day came on to be heard Plaintiff's Motion for

Order Compelling Discovery and the Court, after considering the pleadings, authorities

presented, evidence, and arguments of counsel, is of the opinion that Plaintiff's Motion for

Order Compelling Discovery should be DENIED.

SIGNED this 25ᵗ day of October , 2001.

_____
UNITED STATES DISTRICT JUDGE

**Exhibit A**