5ð

United States District Court
Southern District of Texas
FILED

JAN 23 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THOMAS TITUS TORY | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| R. ESCAMILLA, CORRECTIONAL | § | CIVIL ACTION B-00-051 |
| OFFICER | § | |
|     Defendant | § | |

## DEFENDANT R. ESCAMILLA'S RESPONSE TO PLAINTIFF'S MOTION FOR SUBPOENA OF DOCUMENTS AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES R. Escamilla, Defendant in the above referenced action, and files this, his Response to Plaintiff's Motion for Subpoena of Documents. In support thereof, Defendant shows the court the following:

1. The underlying action is an inmate civil rights lawsuit brought *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983, wherein Plaintiff alleges Defendant Escamilla acted with deliberate indifference towards him in allegedly failing to protect his person from harm allegedly inflicted on Plaintiff by other inmates during a disturbance in which Plaintiff was a participant.

2. The Plaintiff was incarcerated at the Willacy State Jail in Willacy County when the incident made the basis of this lawsuit occurred.

3. In June and July of 2001, Plaintiff served requests for production of documents on Defendant Escamilla. Both sets of request for production were responded to in a timely

fashion. Thereafter, Plaintiff filed a Motion for Order Compelling Discovery, wherein Plaintiff requested numerous items Defendant had disclosed previously, were subject to privilege from disclosure or to which objections were asserted.

4. In particular, Plaintiff requested the names of physicians who had treated him following the assault made the basis of this lawsuit on September 20, 1999. However, Defendant had previously provided medical records from the Willacy State Jail as well as from the Texas Department of Criminal Justice-Institutional Division from August 6, 1999 through July 16, 2001 upon prior request which include the names of all medical providers during that time period. Plaintiff further requested photographs taken of the area where Plaintiff's injuries allegedly occurred. Those photographs, as well as photographs of the weapon allegedly used in the incident, had previously been forwarded to Plaintiff as well.

5. Additionally, Plaintiff requested footage from a dormitory viewing camera for the date of the disturbance, which Defendant informed Plaintiff does not exist Plaintiff also requested the disciplinary reports of all other inmates involved in the altercation, which Defendant properly objected to producing as they are not relevant nor were they reasonably calculated to lead to the discovery of relevant evidence. Nevertheless, Defendant did, in fact, produce documents illustrating the specific disciplinary actions taken against Plaintiff resulting from his own involvement in the incident. None of those documents are within the custody, control or possession of Defendant Escamilla.

6. Finally, Plaintiff requested information contained in the personnel file of

Defendant Escamilla and the dates of all fights, assaults, attacks or riots that occurred in the Willacy State Jail after rack time hours. With regard to the former, Defendant validly objected on grounds that the Willacy State Jail is run by a private corporation, Wackenhut Corrections Corporation. Therefore, employees of the corporation employed at the Willacy State Jail are not deemed "government employees", and are not subject to the Texas Open Records Act, Texas Gov't Code § 552.021. Furthermore, Defendant Escamilla's personnel records are exempt from disclosure under § 552.021. Disclosure of this information would result in an unwarranted invasion of Defendant Escamilla's personal privacy. Additionally, Civil Practice and Remedies Code § 30.010 provides that any personal identifying information pertaining to an individual employed by a correctional facility are privileged from disclosure to a person, such as Plaintiff, who is confined in a correctional facility. Nevertheless, Defendant Escamilla noted in his prior discovery responses that he resigned from Wackenhut Corrections Corporation voluntarily to pursue other opportunities. Defendant objected to the request for dates of all fights, assaults, attacks or riots on grounds they were overly broad and vague the request was not limited to a specific period of time or place within the Willacy State Jail, the information sought was neither relevant nor reasonably calculated to lead to the discovery of relevant evidence as the request was not limited situations similar to the incident at issue nor to incidences, if any, at a location and time Defendant Escamilla was employed by the Willacy State Jail.

    7.     The Court subsequently entered an Order Denying Plaintiff's Motion for Order

Compelling Discovery on October 25, 2001. Pursuant to that order, Defendant was not required to produce the information subject to the requests of Plaintiff. (See Exhibit A).

8. In spite of the foregoing, Plaintiff served his Motion for Subpoena of Documents upon Defendant Escamilla on January 3, 2002, demanding Defendant produce all materials detailed in the subpoena within thirty (30) days following receipt of same. Production of items requested by Plaintiff in the Motion for Subpoena of Documents were previously denied in the Order Denying Plaintiff's Motion for Order Compelling Discovery on October 25, 2001.

9. Defendant Escamilla has endeavored to comply with Plaintiff's numerous and discovery requests despite the fact documents requested are not within the custody, control or possession of Defendant Escamilla, nor does Defendant Escamilla have right of access to the documents requested.

10. Furthermore, the extent the Plaintiff's motion is construed as a subpoena, Plaintiff served the Motion for Subpoena of Documents at issue directly upon Defendant in violation of Federal Rule of Civil Procedure 45(b)(1), which expressly requires all subpoenas to be served by individuals or entities not party to the underlying litigation.

11. Finally, Plaintiff's Motion for Subpoena of Documents subjects Defendant to undue and unreasonable burden in accordance with Federal Rule of Civil Procedure 45(c)(3)(A)(iv), as production of the material requested in Plaintiff's Motion for Subpoena of Documents has been previously denied by this Court and because many of the materials

requested are kept and maintained exclusively by the Texas Department of Criminal Justice and, or, Wackenhut Corrections Corporation, the former employer of Defendant Escamilla. Therefore, Defendant Escamilla has no right of access to those materials.

WHEREFORE, PREMISES CONSIDERED, Defendant Escamilla prays that this Court deny Plaintiff's Motion for Subpoena of Documents and grant Defendant any other relief to which this Court deems he is justly entitled.

        Respectfully submitted,

By: _/s/ Linda M. Kearney (w/ permission)_
**Linda M. Kearney**
Federal I.D. No. 18425
State Bar No. 00787811
PORTER, ROGERS, DAHLMAN & GORDON, P.C.
One Shoreline Plaza
P. O. Box 2968
Corpus Christi, TX 78403-2968
(361) 880-5835 - Office
(361) 880-5844 - Fax

**ATTORNEYS FOR DEFENDANT, ESCAMILLA, CORRECTIONAL OFFICER**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document has been forwarded by certified mail, return receipt requested to Thomas Titus Tory, Jester III Unit, Richmond, TX 77469 in accordance with Rule 5(d) of the Federal Rules of Civil Procedure, on the __22__ day of January, 2002.

*Linda M. Kearney*
**Linda M. Kearney**
w/permission