United States District Court
Southern District of Texas
FILED

MAR 2 8 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THOMAS TITUS TORY | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION B-00-051 |
| R. ESCAMILLA, CORRECTIONAL OFFICER | § | |
| | § | |
|     Defendants | § | |

## DEFENDANT ESCAMILLA'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT ESCAMILLA'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, R. Escamilla, in the above-referenced matter and files this his Reply to Plaintiff's Response to Defendant Escamilla's Motion for Summary Judgment. In support thereof, Defendant would show the Court as follows:

1. On January 3, 2002, Defendant R. Escamilla filed a Motion to Dismiss and/or Motion for Summary Judgment in the above-referenced matter. After receiving an Order from the Court for Plaintiff to respond to the Motion to Dismiss and/or Motion for Summary Judgment, Plaintiff filed a Response to the Motion for Summary Judgment on February 19, 2002 and did not provide a copy to Defendant's counsel. Defendant received a copy of Plaintiff's Response from the Court on or about March 18, 2002 to which Defendant Escamilla now provides his Reply.

2. Attached hereto is the Affidavit of David Forrest (Exhibit A), the Senior Warden with the state jail facility where the Plaintiff was incarcerated on or about September

20, 1999 and a copy of the Serious Incident Report. (Exhibit A).

3. Based on the summary judgment evidence filed on January 3, 2002 as well as the as the summary judgment evidence attached hereto, it is evident Defendant Escamilla did not know of and consciously disregard a serious risk to Plaintiff's health or safety.

4. Defendant Escamilla had no knowledge that an incident in Housing 3-C dorm was about to occur or that the Plaintiff would be involved in the incident.

5. The summary judgment evidence establishes that Defendant had no knowledge the incident was going to occur and that the Plaintiff, along with one other inmate, instigated the disturbance. As soon as the disturbance occurred, Defendant Escamilla, who was assigned to the central control, appropriately requested help from other security personnel to put an end to the disturbance.

WHEREFORE, PREMISES CONSIDERED Defendant R. Escamilla prays that the Court grant his Motion to Dismiss and/or Motion for Summary Judgment and enter a final judgment dismissing each of Plaintiff's claims with prejudice. Defendant further prays for any other relief to which this Court deems he is justly entitled.

Respectfully submitted,

By: *Linda M. Kearney*
Linda M. Kearney
Federal I.D. No. 18425
State Bar No. 00787811
One Shoreline Plaza
P. O. Box 2968
Corpus Christi, TX 78403-2968
(512) 880-5835 - Office
(512) 880-5844 - Fax

ATTORNEYS FOR ESCAMILLA

OF COUNSEL:
**PORTER, ROGERS, DAHLMAN & GORDON, P.C.**
One Shoreline Plaza, Suite 800
P. O. Box 2968
Corpus Christi, Texas 78403-2968
Telephone: (512) 880-5808
Facsimile: (512) 880-5844

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document has been forwarded by certified mail, return receipt requested to Thomas Titus Tory, Jester III Unit, Richmond, TX 77469 in accordance with Rule 5(d) of the Federal Rules of Civil Procedure, on the ____27th____ day of March, 2002.

_____
Linda M. Kearney

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THOMAS TITUS TORY | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION B-00-051 |
| R. ESCAMILLA, CORRECTIONAL OFFICER | § § | |
|     Defendants | § | |

### AFFIDAVIT OF DAVID FORREST

Before me, the undersigned authority, personally appeared David Forrest, who being duly sworn deposes as follows:

1. "My name is David Forrest. I am over 21 years of age, of sound mind, and capable of making this affidavit. I have never been convicted of a crime of moral turpitude, have personal knowledge of the facts stated herein, and they are true and correct.

2. I am the Senior Warden at the Willacy County Unit in Willacy County, Texas which is a state jail facility operated by the Wackenhut Corrections Corporation under contract with the Texas Department of Criminal Justice in accordance with the policies and procedures of the Texas Department of Criminal Justice- Institutional Division. I was the Senior Warden on or about September 20, 1999.

3. Attached hereto is a true and correct copy of the Serious Incident Report consisting of two pages regarding the disturbance that occurred on September 20, 1999 in Housing 3-C dorm. I am the custodian of these records. These records were made at or near

Exhibit A

the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, was kept in the course of the regularly conducted activity and was made as a regular practice.

4. The documentation from this Serious Incident Report states that the Plaintiff Thomas Tory and one other inmate caused the disturbance. Furthermore, the only inmates involved in the disturbance with the Plaintiff Thomas Tory were inmates confined in Housing 3-C dorm which is where the Plaintiff was confined.

5. At no time on September 20, 1999 were inmates from Housing 3-A dorm allowed into the Housing 3-C dorm. There was a separate and subsequent disturbance in Housing 3-A dorm that same night involving numerous inmates confined in that housing area.

6. While there are monitoring video cameras in the dormitory, those videos are used for visual monitoring. There was no recorded video of the disturbance that occurred in Housing 3-C dorm.

7. Officer R. Escamilla resigned from his employment with Wackenhut Corrections corporation on October 2, 1999.

8. Officer Escamilla did not violate any of his duties or responsibilities on September 20, 1999 and acted in compliance with the policies and procedures in carrying out his duties in response to the disturbance on September 20, 1999.

9. Officer Escamilla reported the disturbance and called for assistance from Central Control, his assigned post, timely and appropriately."

10. "Further affiant sayeth not."

David Forrest

SUBSCRIBED AND SWORN BEFORE ME, the undersigned authority, on this the 22 day of March, 2002.

NOTARY PUBLIC STATE OF TEXAS



COLETTE WATT
NOTARY PUBLIC
State of Texas
Comm. Exp. 04-25-2005

| WACKENHUT CORRECTIONS CORPORATION | I-10514-09-99 |
|---|---|

**SERIOUS INCIDENT REPORT**

WILLACY COUNTY UNIT
FACILITY

TO: Reed Smith, Regional Director

DATE: 9/20/99

TIME: 12:50 AM

**Corporate Office Use Only**

Distribution.   Calabrese: _____

| OPERATIONS | HEALTH SERVICES |
|---|---|
| Mianowski: ___ | Brown: ___ |
| Houston: ___ | Jowitt: ___ |
| Lister: ___ | Kroger: ___ |
| Smith: ___ | Chiuminetta: ___ |
| Terrell: ___ | **COMPLIANCE** |
|  | Persante ___ |

**ASSAULTS**
- [ ] Inmate/Inmate
- [ ] Inmate/Staff

**DISTURBANCES**
- [ ] Inmate Work Stoppage
- [ ] Inmate Hunger Strikes
- [x] Major Disturbance

**OTHER**
- [ ] Serious Contraband
- [ ] Weapon Discharges
- [ ] Natural Disaster

**HEALTH SERVICES**
- [ ] Acute Illness/serious Injury
- [ ] Inmate Hospitalization
- [ ] Inmate Death/Suicide
- [ ] Narcotics Missing/Unaccounted For
- [ ] Self-harm/Attempted Suicide
- [ ] Injury

**ESCAPES**
- [ ] Attempted Escape
- [ ] Successful Escape

**FIRE**
- [ ] Minor
- [ ] Major

**STAFF INVOLVED:**
Garza, Jaime
Gonzales, Omar
Lt. R. Banda,

**INMATE(S) INVOLVED:**
16 Offenders from Housing 3 C - 9 Hispanic, 6 Black
45 Offenders from Housing 3A - 24 Hispanic, 21 Black

**BRIEF INCIDENT DESCRIPTION:** A racial group disturbance/fight occurred in Housing 3, A and C dorm. Housing 3C complied with orders to stop. Housing 3A did not comply with orders to stop. One 37mm muzzle blast was used on Housing 3A, and the fighting stopped.

**IMMEDIATE ACTION TAKEN:** Offenders were escorted to the side recreation yard and decontamination process began. There were 5 offenders injured: Porras, Saul #794643, 4 small puncture wounds to head and back abrasions; Vasquez, Jesse #862360, ankle pain and swelling; Hernandez, Benjamin #799774, cut on top of head and lip, back abrasions; Cuellar, Joseph #847713, laceration to left temple area, which required sutures; and Thomas Tory, #378779, laceration to right scalp, left shin superficial abrsion. There were two staff injuries: Garza, Jaime, dislocated left shoulder and Omar Gonzales, right shoulder injury. Both were examined at VBMC and released. Housing 3A amd 3C were placed on institutional lockdown status.

[X] Copy Faxed

PERSON COMPLETING REPORT: _(signature)_   DATE: 9/20/99

FACILITY ADMINISTRATOR: _(signature)_   DATE: 9/20/99

**Corporate Office Operations Review**

Comment:

- [ ] Follow-up Report         Date Due: _____
- [ ] Corrective Action Plan   Date Due: _____
- [ ] Internal Investigation   Date Due: _____
- [ ] Corporate Investigation  Date Due: _____

Corporate Signature: _____

Date: _____

```
****************************************************************************
*** REQUESTOR: WIUNT19 - SANGSTER, STEVE     WILLACY STATE JAIL FACILITY  ***
****************************************************************************
***                    S Y S M   O U T B A S K E T   P R I N T            ***
```

MESSAGE ID: 968546       DATE: 09/20/99  TIME: 05:43PM  PRIORITY: 000

SUBJECT:    I-10514-09-99

ON SEPTEMBER 20, 1999 AT APPROXIMATELY 0100 HOURS A DISTURBANCE
OCCURRED IN HOUSING 3-C-DORM. THE RACIAL BREAKDOWN IN THE DORM
CONSISTED OF 25 HISPANICS, 19 BLACKS, AND 9 WHITE OFFENDERS. THE
DISTURBANCE INVOLVED SEVERAL HISPANIC OFFENDERS FIGHTING WITH SEVERAL
BLACK OFFENDERS, WITH THE WHITES NOT INVOLVED. SECURITY STAFF
IMMEDIATELY RESPONDED TO THE SCENE, AND ORDERED FOR THE FIGHTING TO
CEASE. ALL THE OFFENDERS INVOLVED IN THE FIGHT STOPPED, AND ALL
PARTICIPANTS WERE SEPARATED, AND ESCORTED TO DIFFERENT AREAS AWAY FROM
EACH OTHER, IN THE SIDE RECREATION YARD BEHIND HOUSING 3. IT WAS
LEARNED THAT THE INCIDENT BETWEEN BOTH GROUPS WAS CAUSED BY OFFENDER
LOPEZ, JESSE #851446, AND OFFENDER TORY, THOMAS #378779 GETTING INTO A
FIGHT WITH EACH OTHER, WHICH RESULTED WITH THE OTHER OFFENDERS JOINING
IN. DURING THE FIGHT OFFENDER TORY SUSTAINED A LACERATION TO THE HEAD
AREA, ONCE THE PARTICIPANTS WERE ISOLATED, HE WAS ESCORTED TO THE UNIT
MEDICAL DEPARTMENT FOR TREATMENT. THERE ARE NO ADDITIONAL SERIOUS
INJURIES TO REPORT AS A RESULT OF THIS INCIDENT, NOR WERE THERE ANY
INJURIES THAT REQUIRED OFF THE UNIT MEDICAL TREATMENT. IT SHOULD BE
NOTED THAT A SEARCH OF THE DORM FOLLOWING THE FIGHT PRODUCED A CANNED
FOOD ITEM IN A RED ONION SACK, (PROPERTY BAG), FOUND BY THE WATER
FOUNTAIN AREA. THE CAN WAS VISIBLE THROUGH THE SACK, AND IT WAS BENT.
INVESTIGATION CONTINUES REGARDING THE ROLE OF THIS ITEM IN THIS MATTER.
STILL PHOTOS WERE TAKEN, AND A CHAIN OF COMMAND ESTABLISHED. THERE
WERE NO ADDITIONAL INCIDENTS CONCERNING OFFENDERS FROM HOUSING
3-C-DORM. THE FOLLOWING LIST IDENTIFIES WHO WERE THE OFFENDER
PARTICIPANTS FROM HOUSING 3-C-DORM: BLACKS: JONES, DAMIEN #769634,
SCOTT, GLEN #816515, WILLIAMS, ASA #873298, OATES, DARRELL #860763,
TORY, THOMAS #378779, AND GRAVES, ELVIN #684244. HISPANICS: CANTU,
HERONIMO 870741, LOPEZ, RAUL #463871, MICHAEL, MENDEZ #867823, FRANK,
RIVERA #727069, MARTINEZ, ALFREDO #874186, CUELLAR, JOSEPH #847713,
VELASQUEZ, RICARDO #618069, LOPEZ, JESSE #851446, AUGUSTIN, JORGE
#850867, AND DELEON, MARTIN #857575. AT APPROXIMATELY 0108 HOURS, WHILE
SECURITY STAFF DEALT WITH THE SITUATION IN HOUSING 3C DORM, A SIMILAR
DISTURBANCE OCCURRED IN HOUSING 3-A-DORM. THIS INCIDENT WAS ALSO
RACIAL, INVOLVING NUMEROUS BLACK, AND HISPANIC OFFENDERS FIGHTING
AGAINST EACH OTHER. LT. ROGELIO, BANDA SSN#           WAS AT THE
SCENE, AND ORDERED FOR THE OFFENDERS TO CEASE FIGHTING. ALL ORDERS FOR
THEM TO STOP WERE IGNORED. THE SAFETY, AND GENERAL WELL BEING OF THE
INVOLVED OFFENDERS, TO INCLUDE THE SECURITY OF THE INSTITUTION WAS
BEING COMPROMISED BY THE DISRUPTIVE BEHAVIOR. THE DANGER TO SERIOUS
BODILY INJURY TO THE FIGHTING OFFENDERS WAS ALSO IMMINENT. IT WAS
NECESSARY FOR LT. BANDA TO ADMINISTER ONE ROUND OF T-21 BLAST
DISPERSION (MUZZLE BLAST) CS IRRITANT VIA THE 37MM GAS GUN, TO QUELL
THE DISTURBANCE. THE TOTAL WEIGHT OF THE AGENT USED WAS 82 GRAMS. ALL
OFFENDERS INVOLVED IN THE ALTERCATION THEN COMPLIED WITH ORDERS TO STOP
FIGHTING. SECURITY STAFF MEMBERS THEN ENTERED THE DORM, AND APPLIED
HAND RESTRAINTS (FLEXICUFFS), ON ALL OFFENDER PARTICIPANTS. ALL
OFFENDER PARTICIPANTS WERE THEN SEPARATED, AND ESCORTED FROM THE AREA
TO THE SIDE RECREATION YARD BEHIND HOUSING 4. THERE WERE NO SERIOUS
INJURIES TO REPORT AS A RESULT OF THIS INCIDENT IN HOUSING 3-A-DORM.