United States District Court
Southern District of Texas
ENTERED

APR 0 1 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THOMAS TITUS TORY, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-051 |
| | § | |
| R. ESCAMILLA, CORRECTIONAL | § | |
| OFFICER, | § | |
| Defendant. | § | |

## AMENDED ORDER

Before the court is Defendant's Motion to Dismiss and/or Motion for Summary Judgment (Docket No. 48).

After considering the pleadings, authorities presented, and affidavits, it is the Court's opinion that Defendant R. Escamilla's Motion to Dismiss should be GRANTED, and this case should be DISMISSED WITHOUT PREJUDICE.

### BACKGROUND

Plaintiff Tory is an inmate formerly incarcerated at the Wackenhut Correctional Facility ("Willacy County Facility") in Willacy County, Texas. He brings this lawsuit *in forma pauperis* alleging that the Defendant was deliberately indifferent to his safety, and thus violated certain rights guaranteed under the Eighth Amendment to the United States Constitution. Plaintiff seeks injunctive relief in the form of a Temporary Restraining Order to prevent harassment by any Texas Department of Criminal Justice Officials, and damages for physical and emotional harm in the amount of $200,000.00.

The events giving rise to this claim occurred on or about the night of September 20, 1999,

1

when at approximately 1:00 a.m., a racial disturbance occurred in Housing Unit 3C of the Wackenhut Institution. An altercation occurred involving several inmates, which was in violation of the "rack time" policy of the facility. That policy states that after 10:30 p.m. on weekdays, no inmates are allowed out of their bunks for any reason other than to use the restroom.

At the time the riots broke out, Defendant Escamilla was employed as a Correctional Officer assigned to Housing Unit 3. He was working the picket, a centralized control room equipped with video monitoring equipment for all of the Unit 3 housing area. While monitoring the 3C area, the aforementioned disturbance took place. As the officer in charge of the picket, Officer Escamilla did not directly respond to the incident.

Plaintiff Tory suffered cuts and bruises as a result of the disturbance, and claims that Defendant Escamilla was negligent in his monitoring of Housing Unit 3, and but for this negligence his injuries would not have occurred.

## ANALYSIS

Plaintiff Tory is attempting to sue for damages under 42 U.S.C. § 1983 against a private individual. Essentially, Plaintiff is making the argument that Defendant Escamilla, as an employee of the Wackenhut Institution, failed to protect him from the September 20, 1999, assault. To prevail on a failure to protect claim, an inmate must demonstrate that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection.[1] The United States Supreme Court has held deliberate indifference requires more than ordinary lack of due care for a prisoner's safety or

---

[1] See Jones v. Greniger, 188 F. 3d 322, 326 (5th Cir. 1999).

interest.[2] A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to an inmate's health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw that inference."[3] Plaintiff Tory arguably raises issues of material fact in reference to Defendant Escamilla failure to protect him on this particular occasion. However, in order to recover on this § 1983 claim, Plaintiff Tory is required to go further.

Specifically, a plaintiff seeking to impose liability on a theory of failure to protect under § 1983 must not only identify a "policy" or "custom" that caused the injury, he must also present sufficient evidence that a governmental agency's deliberate action is the "moving force" behind the alleged violations of a protected right.[4] The plaintiff must also demonstrate a direct causal link between the alleged action and the deprivation of federal rights.[5] For purposes of § 1983 actions, "custom" is defined as a persistent and widespread practice or practices that are permanent, well-settled and deeply embedded in the traditional ways the governmental entity carries out its policy.[6]

Plaintiff Tory has failed to present any evidence demonstrating that Defendant had a policy or custom of allowing gang assaults, racial riots, or fights at the facility following 10:30

---

[2] See Farmer v. Brennan, 511 U.S. 825, 835, 114 S.Ct. 1970, 1978 (1994).

[3] Id. at 838.

[4] See Board of County Com'rs of Bryan County v. Brown, 520 U.S. 397, 405, 117 S.Ct. 1382, 1386 (1997).

[5] See Doe v. Beaumont I.S.D., 8 F.Supp.2d 596 (E.D. Texas 1998).

[6] See Gonzalez v. Brown, 768 F.Supp. 581 (S.D. Texas 1991).

p.m. "rack time" hours. The affidavits of Defendant Escamilla and Warden Forrest establish that there was no known gang activity in Plaintiff's housing area nor did they have a "policy" or "custom" of tolerating such activity. Therefore, Plaintiff's claims under 42 U.S.C. § 1983 must be dismissed. Although Plaintiff Tory arguably raises common law tort claims against Defendant Escamilla that may be filed in state court, he can not sustain an action against the Defendant in federal court under § 1983. Therefore, Defendant's Motion to Dismiss is hereby GRANTED, and this case is DISMISSED WITHOUT PREJUDICE.

DONE at Brownsville, Texas this 1st day of April, 2002.

Felix Recio
United States Magistrate Judge